**STATE of Minnesota, Respondent,**

v.

**Anthony G. DeGIDIO, Appellant.**

**No. 47094.**

Supreme Court of Minnesota.

Jan. 6, 1978.

C. Paul Jones, Public Defender, Robert Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon Bergstrom, Chief, Appellate Division, David W. Larson, Phebe S. Haugen, and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a district court jury of a charge of attempted burglary with tools of the Appel Pharmacy in Minneapolis on February 23, 1976, and was sentenced by the trial court to a maximum term of 10 years in prison, Minn.St. 609.58, subd. 2(1)(a), and 609.17. On his appeal from judgment of conviction, defendant contends (1) that the trial court erred in admitting evidence that on September 25, 1973, defendant had burglarized the same pharmacy using tools, and (2) that there was, as a matter of law, insufficient evidence identifying him as one of the people who participated in the attempt. We affirm.

Defendant apparently did not object to the introduction of the other-crimes evidence at trial and, in any event, we could not conclude that the trial court abused its discretion in admitting the evidence. The state gave the necessary notice, the relation of the other offense to the offense with which defendant was charged was substantial, the evidence was highly relevant to the identification of defendant as a participant in the attempt, and the evidence was not admitted for the purpose of suggesting to the jury that defendant should be convicted because he had a propensity to commit crimes. Further, the state introduced the evidence because it legitimately felt that it needed the evidence to meet its burden of proof; the state proved defendant's participation in the other crime by clear and convincing evidence; and the trial court carefully cautioned the jury about the use of the evidence. Under the circumstances, the trial court did not err in admitting the evidence. *State v. Billstrom,* 276 Minn. 174, 149 N.W.2d 281 (1967).

It would serve no useful purpose to detail the evidence against defendant. Suffice it to say, there is no merit to defendant's contention that there was, as a matter of law, insufficient evidence identifying him as a participant in the crime.

Affirmed.