STATE of Minnesota, Respondent,

v.

John Edward FISHER, Appellant.

No. 48481.

Supreme Court of Minnesota.

May 18, 1979.

---

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Div., Asst. County Atty., and David W. Larson, Asst. County Atty., Minneapolis, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery and was sentenced by the trial court to a 3- to 20-year term in prison, the term to run consecutively to a prison term defendant was already serving for a different offense. Defendant appeals from judgment of conviction, raising a number of issues. We affirm.

■ Defendant's first contention is that the lineup at which he was positively identified by all four of the eyewitnesses who viewed it was impermissibly suggestive in that defendant was the only participant of the six who had a raspy voice similar to that of the robber. The test which we apply is that mandated by the United States Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and explicated in *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Specifically, we must determine whether the identification procedures used were so impermissibly suggestive as to create a "very substantial likelihood of irreparable misidentification." The focus of the test is the reliability of the identification, and a number of factors are considered (along with the suggestiveness of the identification procedures used) in determining whether there was a "very substantial likelihood of irreparable misidentification." Applying this test, we conclude, as did the trial court, that there was no "very substantial likelihood of irreparable misidentification." Accordingly, the trial court did not err in admitting either the lineup or in-court identification testimony.

■ Defendant's next contention is that the trial court erred in admitting a sawed-off shotgun. Specifically, defendant contends that the prosecutor failed to connect the gun sufficiently to defendant or to the crime charged. There is no merit to this. The gun was connected both to defendant and to the robbery.

■ Defendant's third contention relates to a statement by the prosecutor in closing argument that the jury might make a negative inference from the fact that defendant had changed his appearance between the date of arrest and trial. This argument was based on the evidence and urged what we believe was one possible inference which could be drawn from the evidence. Thus, we do not agree that the argument was improper. In any event, defense counsel did not object to the statement but instead chose to respond to it in his closing argument; accordingly, defendant may be deemed to have forfeited his right to have the issue considered on appeal.

Finally, defendant contends that the evidence of his guilt was legally insufficient. There is no merit to this. Three of the eyewitnesses testified and each positively identified defendant. There was other evidence which corroborated their identification of defendant.

Affirmed.