**Anthony DeGIDIO, petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 49816.**

Supreme Court of Minnesota.

Jan. 11, 1980.

C. Paul Jones, Public Defender, and Evalynn Welling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, App.Div., David W.

Larson, Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

ROGOSHESKE, Justice.

This is an appeal by petitioner from an order of the district court denying a petition for postconviction relief from a 1976 judgment of conviction of attempted burglary with tools, Minn.Stat. §§ 609.17 and 609.58, subd. 2(1)(a) (1978). Petitioner's judgment of conviction was affirmed on direct appeal in *State v. DeGidio*, 261 N.W.2d 746 (Minn.1978), in which we rejected contentions that the evidence of petitioner's guilt was insufficient or that the court had erred in admitting evidence that in 1973 petitioner had burglarized the same building using tools. Petitioner now contends (1) that he should receive a new trial because the record reveals that he was taking methadone at the time of his trial and therefore was incompetent to participate in his trial, and (2) that, alternatively, attempted burglary is not a valid crime and that therefore his sentence (10 years) should be reduced to that for possession of burglary tools (3 years). We affirm the order denying postconviction relief.

■ 1. Petitioner's first contention is that the evidence adduced at the postconviction hearing established that he was incompetent at the time of trial to assist in his own defense and that therefore he is entitled to a new trial.[1] Petitioner refers to evidence that he was taking methadone during trial as part of a heroin detoxification program and that this made petitioner drowsy. The record indicates that at one point during the trial the court, without knowledge that petitioner was on methadone maintenance, observed petitioner "doze off" and warned petitioner's counsel that petitioner should get his sleep so he would be alert during trial. Although petitioner contended that the incidents continued, the postconviction judge, who also presided at trial, made it clear in denying relief that he did not observe petitioner doze off again during the trial. The court also stated its recollection, corroborated by petitioner's trial counsel, that petitioner actively participated in the trial by whispering to his attorney and making gestures. Under all the circumstances, we hold that petitioner has failed to establish that he was incompetent at the time of trial; therefore a new trial on this ground is not required.

■ 2. Petitioner's second contention is that since burglary is defined in terms of doing an act with intent to commit some other crime, it is a form of attempt, and that it is illogical therefore to permit the conviction of a person for attempted burglary since to do so would be to convict someone of attempted attempt.

This argument is discussed in Model Penal Code § 5.01, Comments (Tent.Draft No. 10, 1960):

> One of the questions frequently litigated is whether there can be an attempt to attempt. As an abstract proposition of law the construction has been condemned by the majority of cases considering the issue, and it seems as a matter of sound analysis that the construction is not necessary. An attempt to attempt can always be considered as a more remote attempt to commit the same substantive crime, so long, of course, as it goes far enough to meet the basic test of liability. Thus, if an assault is an attempt to commit a battery, an attempt to assault can more properly be charged as itself an attempt to commit a battery and its sufficiency determined on that basis. In any case, convictions have been sustained for attempts to assault.
>
> A more complicated problem arises where the attempt is not described as such, but is defined as an act done with intent to commit some other crime. Among the traditional offenses burglary

---

1. *See Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966); and *State v. Bauer,* 310 Minn. 103, 245 N.W.2d 848 (1976).

is such an attempt, a breaking and entering under certain circumstances with intent to commit a felony. But there has been no difficulty in sustaining charges of attempted burglary. Nor has there been difficulty generally in finding attempt liability where the "substantive offense" is even more clearly an attempt: possessing burglar's tools with intent to commit burglary; conveying tools into prison with intent to facilitate an escape; offering a bribe; exploding a substance with intent to cause personal injury; employing a drug or instrument with intent to procure a miscarriage; procuring a noxious drug with intent to supply it to another for use in committing abortion. In each case attempt liability has been sustained. It would be possible to treat each of these acts as an attempt to commit the more remote substantive crime, but this is unduly cumbersome; the existing approach seems preferable. If a preliminary act is prominent enough to serve as the basis of substantive liability, it should also provide a sufficient foundation for attempt liability. (*Footnotes omitted.*) *Id.* at 74–75.

Moreover, as the postconviction court pointed out, while burglary is in a sense an inchoate crime, the legislature clearly has determined that the conduct covered by the burglary statute merits separate treatment as a substantive offense. Because the legislature in enacting the attempt statute gave no indication that some substantive crimes could not serve as a foundation for attempt convictions and because burglary is a separate substantive offense, it seems clear to us that the legislature intended to permit prosecutions and convictions for attempted burglary or attempted burglary with tools.

Affirmed.