STATE of Minnesota, Respondent,

v.

Ronald Thomas COE, Appellant.

No. 51024.

Supreme Court of Minnesota.

Nov. 7, 1980.

C. Paul Jones, Public Defender and Robert J. Streitz, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Asst. County Atty., and Thomas A. Weist, Law Clerk, Minneapolis, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of charges of burglary, Minn. Stat. § 609.58, subd. 2(1)(b) (1978) (burglary of dwelling accompanied by commission of assault upon person present therein), and criminal sexual conduct in the third degree, Minn.Stat. § 609.344(c) (1978) (use of force or coercion to accomplish sexual penetration). The trial court sentenced defendant to concurrent prison terms of 20 years for the burglary and 10 years for the sex offense. Issues raised by defendant on his appeal from judgment of conviction are (1) whether the evidence on the issue of identification was legally insufficient and (2) whether the trial court prejudicially erred in modifying an omnibus hearing order made by a different district court judge dealing with admission of other–crime evidence bearing on the issue of identification. We affirm.

In October 1978 a man unlawfully entered complainant's house and raped her. In June 1979 a man again unlawfully entered complainant's house and raped her. This man, in talking with the complainant, referred to the previous criminal acts in such a way as to make it clear that he had committed them. Complainant also recognized him as the same man. Complainant had attended a rape victim seminar in the interval and had learned that if she was ever a rape victim again she should use not just her sight but her other senses to try to perceive descriptive facts about the rapist which might aid in identifying him. As a result, at the time of the second rape she was able to give a detailed description to the police and police arrested defendant, who fit the description, just blocks away only minutes after the man left. Complainant positively identified defendant not only at a lineup but also at trial, and there was other evidence connecting defendant to the crimes.

The omnibus court ruled that the complainant could testify concerning the statements the man made which referred to the prior incident but that she could not testify concerning the prior incident or that she believed defendant was the man who committed the prior acts of misconduct. As a result of a continuance requested by defendant, the trial was postponed for 3 weeks and was before a different judge, who modified the omnibus court's ruling and authorized complainant to testify concerning the prior acts and that defendant committed them.

Rule 11.09, subd. 1, Minn.R.Crim.P., and the comments thereto, suggest that a trial judge may modify or refuse to adhere to a

prior omnibus ruling of another district court judge only in "extraordinary circumstances." Professor LaFave's treatise contains an interesting discussion of some of the relevant principles in the context of pretrial rulings on Fourth Amendment issues. 3 W. LaFave, *Search and Seizure* § 11.2(f) (1978). We conclude that this is not an appropriate case for us to attempt a full scale examination of the factors which are relevant to a determination of when a trial judge is justified in modifying or changing an omnibus order of another district court judge. Whether or not the trial judge had discretion under the rule to modify the omnibus court's order, we are satisfied that defendant was not prejudiced by the modification.

■ As for the merits of the modified order, we hold that the evidence in question was highly relevant, that defendant was not unfairly surprised by the modification, that the evidence of defendant's participation in the prior incident was clear and convincing, and that the potential of the evidence for unfair prejudice did not substantially outweigh its probative value. *State v. Volstad*, 287 N.W.2d 660 (Minn. 1980) (evidence of prior rape of estranged wife admitted in prosecution of defendant for later rape of same person); *State v. DeGidio*, 261 N.W.2d 746 (Minn.1978) (evidence of prior burglary of same store committed 2½ years earlier admitted to aid in connecting defendant to later burglary).

There is no merit to defendant's contention that the evidence of his guilt was legally insufficient.

Affirmed.