**STATE of Minnesota, Respondent,**

v.

**Wallace E. HAMLING, Appellant.**

No. 81–22.

Supreme Court of Minnesota.

Jan. 8, 1982.

C. Paul Jones, Public Defender, and Elizabeth B. Davies, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

OTIS, Justice.

Defendant was found guilty by a district court jury of two charges of kidnapping to facilitate robbery, Minn.Stat. § 609.25, subd. 1(2) (1980), for his role in the kidnapping of two women early on January 16,

1980. The trial court sentenced defendant to two concurrent 20-year prison terms. On this appeal from judgment of conviction, defendant seeks an outright reversal on the ground of insufficiency of the evidence and alternatively seeks a new trial on the ground that the trial court erred in admitting so-called in-court eyewitness identification testimony. Defendant contends that the trial court erred in admitting this identification testimony because (a) the judge who presided at the omnibus hearing had ruled the evidence inadmissible and (b) the identification was an unreliable identification tainted by an unnecessarily suggestive lineup. We affirm.

The victims, a woman in her twenties and one in her forties, were kidnapped by two men who entered their car in the garage of an apartment complex in Little Canada and drove them to a field in an undeveloped part of Maplewood, where one of the two men attempted sexual intercourse and fellatio with one of the women and forced her to submit to cunnilingus. Defendant, knowing in advance that a robbery of the two women was planned, intentionally aided the kidnapping by following the four to the scene in his car and by providing his accomplices with a means of getting away. One of the two men who actually committed the kidnapping became remorseful after the crime and contacted police. Subsequently he identified defendant and the other accomplice to the crime, one David LaQuier, and the police obtained other evidence implicating defendant and LaQuier in the offenses.

We have no hesitation in concluding that the evidence of defendant's guilt, which we believe was strong, was sufficient to support the guilty verdicts.

Defendant's main contention is that the trial court erred in admitting eyewitness identification testimony by one of the two victims. This victim had tentatively identified defendant at the lineup but the omnibus court had made a ruling concerning the evidence. The prosecutor and defense counsel disputed whether the omnibus court's ruling barred both lineup identification evidence and in-court identification testimony. Defense counsel was unable to produce a complete transcript or a specific written ruling of the omnibus court adequate to establish that the omnibus court had suppressed the in-court identification evidence. The trial court offered defense counsel an immediate mid-trial hearing to determine the admissibility of this evidence but defense counsel rejected this offer because a defense witness he felt was necessary was then unavailable.[1] Given the state of the record, the trial court ruled the in-court identification testimony admissible. It is this ruling which defendant now challenges.

Minn.R.Crim.P. 11.09, subd. 1, and comments thereto suggest that a trial judge may refuse to follow the prior omnibus ruling of another district court judge only in "extraordinary circumstances." *State v. Coe*, 298 N.W.2d 770 (Minn.1980). As in *Coe*, we do not believe that this is an appropriate case for attempting a full-scale examination of the factors which are relevant to a determination of when a trial judge is justified in modifying or changing an omnibus order of another district court judge. Here we are satisfied that the trial court wanted to follow the prior ruling if it could be determined with certainty what that ruling was but that, given the circumstances, he felt free to rule as he did. Given the facts and our belief, based on the record, that the identification evidence was reliable—*see, e.g., State v. Fisher*, 280 N.W.2d 27 (Minn.1979)—we conclude that the trial court did not prejudicially err in admitting this evidence.

Affirmed.

---

1. It appears, however, that defense counsel had not called this witness at the earlier omnibus hearing.