Wallace E. HAMLING, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–378.

Supreme Court of Minnesota.

July 16, 1982.

C. Paul Jones, Public Defender, and Carolyn F. Tucker, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal from the denial of a petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn. Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Petitioner, who is now around 26, was convicted in Ramsey County District Court in 1980 of two charges of kidnapping to facilitate robbery, Minn.Stat. §§ 609.25, subds. 1(2), 2(1) (1980), for his role in the kidnapping of two women early on January 16, 1980. The trial court sentenced petitioner to two concurrent 20-year prison terms. This court affirmed his convictions in *State v. Hamling*, 314 N.W.2d 224 (Minn. 1982).

Petitioner's sentences are due to expire on February 23, 1994. His target release date is January 29, 1985.

Petitioner's criminal history score at the time of sentencing for the offenses in question would have been three, based on one custody status point and two prior felony convictions. The offenses in question are severity level VI offenses. The presumptive sentence for a severity level VI offense by one with a criminal history score of three is an executed prison term of 34 months. If the Sentencing Guidelines had been in effect, the trial court could have imposed consecutive terms without departing. This would have resulted in a term of 55 months (34 months plus 21 months) under Minnesota Sentencing Guidelines and Commentary, II.F. (1981). If petitioner were resentenced to a term of 55 months, he could be released from prison as early as January 4, 1984, and his sentence would expire on May 23, 1985.

Petitioner is a violent offender with a record of recidivism. He failed to meet his burden of proving that notwithstanding this his early release from his sentences would not present a danger to the public and would not be incompatible with the welfare of society. *State v. Champion*, 319 N.W.2d 21 (Minn.1982).

Petitioner remains subject to the jurisdiction of the Minnesota Corrections Board or its successor.

Affirmed.