STATE of Minnesota, Respondent,

v.

Jerry Steven LYONS, Appellant.

No. C4–87–1871.

Court of Appeals of Minnesota.

May 3, 1988.

Review Denied July 6, 1988.

Hubert H. Humphrey, III, Atty. Gen., Mary J. Theisen, Sp. Asst. Atty. Gen., St. Paul, Stephen C. Rathke, Crow Wing County Atty., Brainerd, for respondent.

John Remington Graham, Brainerd, for appellant.

Heard, considered and decided by LANSING, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

Appellant, Jerry Lyons, was involved in an altercation with William Rakow during which appellant allegedly wielded a firearm in a threatening manner. After Rakow reported the incident, the police visited appellant at his home and obtained from him a statement and a firearm. An omnibus order suppressed both appellant's statement and the firearm. At trial, a second judge reversed the omnibus order. A jury found appellant guilty of second degree assault under Minn.Stat. § 609.222 (1986). Appellant's motion for a new trial was denied and appellant was sentenced. On appeal, appellant requests that his conviction be reversed on the basis that the trial court erred in denying his motion for a new trial. We reverse and remand.

## FACTS

On November 22, 1986, an altercation occurred between appellant, Jerry Lyons, and William Rakow which resulted in appellant being convicted of assault in the second degree. Although the men lived close together, they never met each other before the incident. On the evening in question, appellant and his wife returned home from visiting friends to be told by their three children that earlier in the evening children had been on their land throwing rocks at the windows and stealing items from the family garage. The Lyons children said that Joseph Rakow, a neighborhood child, had been involved in the events.

Appellant and his wife drove to the Rakow home and discussed the matter with

Joseph who was at home with a babysitter while his parents visited the Eagles Club. When the Lyons returned home, Joseph immediately telephoned his parents. After discussions with their children and the babysitter, Rakow and his wife drove to the Lyons' house. Rakow left his wife in their vehicle and entered the Lyons' house. Both men had been drinking; an argument ensued during which appellant allegedly threatened Rakow with a firearm. The Rakows returned home and called the police. Four police officers then went to appellant's home, obtained his statement and took possession of the firearm.

### The Omnibus Hearing

Appellant was charged with assault in the second degree. In February of 1987, the omnibus court heard testimony from Officer Holtz, one of the four officers present at appellant's home.

Officer Holtz testified that no Miranda warning was given to appellant because there was no intention of arresting him. However, Holtz conceded that appellant was not free to leave and would have been arrested if he refused to make a statement. After the threat of arrest had been made, appellant made a statement to the police. The officer further testified that he warned appellant if he did not surrender his firearm, a search warrant would be obtained. At this point, appellant went to the basement to get his gun and handed it to the officer.

On February 9, 1987, the omnibus court issued an order suppressing appellant's statements to the police and the firearm allegedly used in the commission of the offense.

### Trial Court Review of the Omnibus Order

Trial was set before a second judge who decided to reconsider the omnibus order stating:

[I]n the case of an omnibus order [issued] by a Division II Judge, I think there is more reason to reconsider than if the omnibus order is by a Division I Judge.

   \*     \*     \*     \*     \*     \*

My decision, put very simply, is that because the decision was made by a Division II Judge, because that judge was in no way ever going to have to try the case and because I might not be satisfied with his rulings, I believe that the criminal justice system will be better served with the trial judge having the opportunity to reconsider the omnibus order \* \* \*.

Appellant then petitioned this court for a writ of prohibition, which was denied on May 12, 1987. Petition for review by the supreme court was denied on June 26, 1987.

On July 15, 1987, the trial court reconsidered the omnibus order based on a belief that the case presented "rather unique circumstances:"

The only reason [the judge in question] was handling the \* \* \* omnibus hearing was that \* \* \* the division I Judge who presides in Brainerd, was very seriously injured in a hunting accident. [The omnibus judge] had no intention of trying the action and at best, is much less experienced than [the division I judge] in felony suppression matters.

More important, while the prosecution has a right to appeal suppression orders under Rule 28.04, R.Crim.P., that right has been severely limited and circumscribed by *State v. Webber*, 262 N.W.2d 157 (Minn.1977) which requires that the prosecution show on appeal that the trial court "clearly and unequivocally erred, and that unless reversed, the error will have a critical impact on the outcome of the trial." The prosecutor concedes that he can sill struggle forward with the present case even in the presence of the suppression orders of [the omnibus judge]. Therefore, the prosecution really has no viable right of appeal \* \* \*.

The trial judge determined the omnibus order was "clearly erroneous" and concluded "while this is not an appeal by the State to the Court of Appeals, it is certainly the equivalent of such an appeal" and proceeded to reverse the order.

### Appellant's Motion for a New Trial

Both appellant's statement to the police and the firearm were admitted as evidence

at trial. The jury found appellant guilty of assault in the second degree.

On September 15, 1987, appellant moved for a new trial arguing that the trial judge had no authority to reconsider the omnibus order in the absence of "extraordinary circumstances." The trial court declined to grant a new trial on this ground, stating:

[The state] had a strong case without the physical evidence and the statements, but that meant that his appeal would have been quickly discarded under Webber * * *. If the omnibus court is indeed truly wrong, the trial court should not be wasting everyone's time by going through a trial when one side is handcuffed and unable to present all of the evidence that should be admissible * * *.

In addition, appellant argued that a new trial should be granted based upon newly discovered evidence. The evidence consisted of an unsigned police report detailing a complaint by Rakow that appellant had been on his land in contravention of a court order; and statements by appellant that accounted for appellant's whereabouts at the relevant time. The trial court denied the motion on the basis the evidence did not "bear upon [Rakow's] trial credibility, and couldn't as a matter of law constitute the kind of new evidence that would precipitate a new trial."

Appellant was sentenced to 21 months and a fine of $750.00 with a $75 surcharge. The sentence was stayed for five years and appellant was placed on probation on condition he serve six months jail time with credit for time served and work release privileges.

On September 21, 1987, an appeal from the order denying a new trial was filed. After filing its responsive brief, the state moved to strike appellant's statement of the facts because the facts were not "stated fairly, with complete candor, and as concisely as possible." By order of this court, dated February 9, 1988, the decision on the state's motion to strike was deferred to this panel.

## ISSUES

1. Should appellant's statement of the facts be stricken from his brief?

2. Did the trial court err in reversing the omnibus order?

## ANALYSIS

### I.

■ The state has requested that the statement of the facts be stricken from appellant's brief. In writing his brief, appellant was permitted to state the facts in the light most favorable to his case. After a thorough reading of the brief and the record, we conclude that the majority of the facts stated by appellant are supported by the record. We grant the state's motion in part by striking those statements which the state alleged were "most disturbing." In the future, similar instances may be sanctioned more severely.

### II.

■ Appellant argues that his conviction should be reversed because, at the state's request, the trial court improperly reversed the omnibus order. We note initially that the state chose to waive its right under Minn.R.Crim.P. 28.04 to appeal the omnibus order and instead sought reconsideration of the order by the trial court. The state may request that the trial court reconsider the pretrial order "upon proper application of the parties made at an appropriate time during the course of the trial." *State v. Webber*, 262 N.W.2d 157, 159 (Minn.1977). *See also State v. Montjoy*, 366 N.W.2d 103, 107 (Minn.1985) (timely motion to reopen and clarify an omnibus order granted by a second judge).

■ Appellant contends that the omnibus order could only be reconsidered by a second judge under "extraordinary circumstances." We agree, and find support for appellant's contention in comment to Minn. R.Crim.P. 11.08 which states:

The intent of the Omnibus Hearing is that all issues that can be determined before trial shall be heard at the Omnibus Hearing and decided before trial. Consequently, when the Omnibus Hearing is held before a judge other than the

trial judge, the trial judge, *except in extraordinary circumstances* will adhere to the findings and determinations of the Omnibus Hearing judge.

*Id.* (emphasis added). *See also State v. Coe*, 298 N.W.2d 770, 771–72 (Minn.1980); *State v. Hamling*, 314 N.W.2d 224, 225 (Minn.1982).[1] What constitutes "extraordinary circumstances" has not been determined by the supreme court. Minn.R. Crim.P. 11, comment 11.08.

█ The trial court stated that "under the rather unique circumstances" presented by this case, the omnibus order could be reconsidered. The trial judge reasoned that reconsideration was justified because the omnibus order was issued "by a Division II Judge." However, the Rules of Criminal Procedure state:

> In the event the [omnibus] hearing is held before a county or municipal court, the findings and determinations of the issues presented shall be given the same force and effect as findings and determinations made by the district court.

Minn.R.Crim.P. 11.09.[2] Consequently, the fact that an omnibus order was issued by another judge cannot be the sole basis for reconsideration of the order, even when the omnibus judge is "much less experienced in felony suppression matters."

█ In addition, the trial court justified its decision to reconsider the order because of a perception that the state's right to appeal a pretrial order under Minn.R. Crim.P. 28.04 did not amount to a "viable right of appeal." Apparently, the trial court reached this conclusion because it believed the standard of review under the *Webber* "critical impact" test was too high. Even if the trial court's perception were correct, this would not provide a sufficient reason to warrant reconsideration of an omnibus order issued by another judge. In addition, the supreme court in *State v. Joon Kyu Kim*, 398 N.W.2d 544 (Minn. 1987) restated the critical impact test: "the prosecution may appeal before trial from a

suppression order only 'where the effect is to seriously impede, although not to completely foreclose, continuation of the prosecution'." *Id.* at 550–51. Although the supreme court has not decided what circumstances would justify reconsideration of an omnibus order in a situation like the one before us, we are convinced that those circumstances upon which the trial court relied do not rise to the level of "extraordinary circumstances."

█ The trial judge determined that the omnibus order was incorrect and that reconsideration was justified on this basis. However, if the state believed the order was erroneous, it had a right to appeal from the order to this court or to return to the omnibus judge for reconsideration. Because the state waived both avenues for review of the order, we are bound to conclude that standing alone the possibility that an omnibus order may be erroneous is not an extraordinary circumstance warranting reconsideration by another judge.

█ Finally, we are aware of the argument that although the procedure at trial was improper, this did not amount to "prejudicial error." However, absent reversal of the suppression order, the prosecution could have used neither appellant's statement nor the officer's testimony to impeach appellant. Without this evidence, the jury would have heard testimony only from the parties involved in the altercation. We conclude, therefore, that appellant was prejudiced by reversal of the omnibus order, and we remand for trial pursuant to the original omnibus court's suppression order.

Because we are remanding for a new trial, we need not address appellant's arguments regarding newly discovered evidence.

## DECISION

To the extent that appellant's brief contains facts which are not stated fairly and with complete candor, those factual state-

---

1. The *Coe* and *Hamling* decisions refer to Minn. R.Crim.P. 11.09, subd. 1 which was deleted on August 1, 1983 and replaced by a new Minn.R. Crim.P. 11.09.

2. Minn.R.Crim.P. 11.09 was deleted August 1, 1987.

ments have not been considered in reaching this court's decision on the merits. The trial court erred in reconsidering the omnibus order of another judge in the absence of extraordinary circumstances. Appellant's conviction is reversed.

Reversed and remanded.