STATE of Minnesota, Respondent,

v.

Raymond Clifford CLARK, Appellant.

No. C4-88-2657.

Court of Appeals of Minnesota.

July 18, 1989.

Review Denied Sept. 15, 1989.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas M. Fitzpatrick, Randall, Dehn & Goodrich, Anoka, for respondent.

C. Paul Jones, State Public Defender, Scott G. Swanson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and FOLEY and HUSPENI, JJ., without oral argument.

## OPINION

FORSBERG, Judge.

Following a jury trial, appellant Raymond Clifford Clark was found guilty of aggravated driving while intoxicated ("DWI") in violation of Minn.Stat. § 169.129 (1986); gross misdemeanor DWI in violation of Minn.Stat. § 169.121, subds. 1(a) and 3(b) (1987) (third offense within 10 years); gross misdemeanor DWI in violation of Minn.Stat. § 169.121, subds. 1(a) and 3(a) (1987) (second offense within five years); and driving after revocation in violation of Minn.Stat. § 171.24 (1984). He was sentenced to one year in county jail, placed on probation for two years, and fined $3,000.

This appeal is from the judgment of conviction.

## FACTS

At approximately 10:00 p.m. on September 5, 1987, Lois Perkins and her husband were driving west on Highway 10. As they neared Elk River, a pickup truck traveling directly in front of them abruptly braked and pulled over to the side of the road. The Perkins also pulled over, and Lois Perkins noticed a car upside-down in the ditch.

Lois Perkins saw two people from the pickup truck run down to the overturned car. While one was trying to get the door open on the driver's side, the other person assisted a man (whom Lois Perkins later identified at trial as appellant) get out of the passenger-side window of the overturned car. The car was later identified as being registered to appellant.

Appellant walked away from the overturned vehicle, and received a ride with another man who had stopped. Lois Perkins called 911 and reported what she had seen.

At about 10:45 p.m., appellant arrived at his ex-wife's house in Zimmerman, about 20 miles from the accident scene. At the time, Polly Ann Clark had been separated from appellant for about five years and had just begun divorce proceedings; by the time of trial, the two were divorced. Polly Clark testified that she had exclusive possession of the house, and that appellant was not allowed on the premises by virtue of an order for protection. Also present in the home that evening were the Clarks' three children and Polly Clark's brother, who lived downstairs.

Polly Clark testified that appellant was "definitely intoxicated." She further testified that appellant told her he had just been involved in a car accident near Elk River in which "he rolled his car." The couple's eldest daughter called 911 to report appellant's presence in the home. Appellant was later arrested for violation of the restraining order and transported by a deputy to the Sherburne County jail.

At the jail, a trooper from the Minnesota State Highway Patrol met appellant. The trooper was of the opinion that appellant was intoxicated, and arrested him for DWI in connection with the rollover accident.

At trial, appellant testified in his own defense. He claimed that at the time of the accident his car was being driven by a friend of his and that he was only a passenger. He denied telling Polly Clark that he had rolled his car. Appellant explained that when he was later arrested for DWI, he did not tell the trooper that a friend had been driving his car because he did not want to get anyone else in trouble.

Prior to trial, appellant had moved to exclude all of Polly Clark's testimony under the spousal privilege rule, Minn.Stat. § 595.02, subd. 1(a) (1987). An omnibus hearing was held. Apparently based solely on the parties' oral and written arguments (no transcript was made of this hearing), the omnibus court issued an order on No-

vember 16, 1988, that Polly Clark could not testify as to any statements made by appellant to her on that evening.

On November 17, 1988, jury selection began. On the morning of Friday, November 18, the trial judge and counsel met in chambers. The trial judge indicated he reviewed the omnibus order, which was issued by a different judge, and he believed the statutory spousal privilege rule was incorrectly applied. He questioned whether the statements made by appellant to his ex-wife were in fact confidential because of the possibility a third party was present when those statements were made. The prosecutor claimed he had only recently discovered that the Clarks' children were present during appellant's conversation with his ex-wife. Given this possible new evidence, the trial judge believed it essential to hold an immediate hearing and determine the facts.

At the hearing, Polly Clark testified that on the evening of September 9, 1987, her children were present during her conversation with appellant. Also, as far as she knew, her brother was downstairs and did not overhear. The Clarks' oldest daughter, who was 14 years old on September 9, 1987, testified she was present during her parents' conversation that evening and she heard her father tell her mother "I rolled my car over." Appellant denied seeing anyone else in the room during his conversation with his ex-wife.

Immediately following this hearing, the trial judge orally made his findings and conclusions, and vacated the previous omnibus order. Based on the testimony given, he ruled the communications between appellant and Polly Clark not confidential. Therefore, he ordered Polly Clark's testimony would include any relevant statements made by appellant to her.

Trial resumed Monday morning, November 20.

## ISSUE

Did the trial judge err in reversing an omnibus order issued by a different judge based on extraordinary circumstances?

## ANALYSIS

[1, 2] A trial judge may reconsider a different judge's omnibus order only under "extraordinary circumstances." *State v. Lyons*, 423 N.W.2d 95, 98 (Minn.Ct.App. 1988), *pet. for rev. denied* (Minn. July 6, 1988). In *Lyons*, this court held extraordinary circumstances did not exist to justify a trial judge's reversal of another judge's omnibus order. The state argues that the facts and circumstances of this case are distinguishable from those in *Lyons*, and extraordinary circumstances existed in this case to justify reconsideration of the omnibus order. We agree.

First, the state in *Lyons* had approximately five months prior to trial to either appeal the omnibus order or return to the omnibus court for reconsideration of that order. In this case, the state did not have time to prepare or pursue either of these alternative means of review because the omnibus order was issued the day before trial was scheduled to begin. The lateness of the omnibus order thus created an "emergency situation" paramount to an extraordinary circumstance.

Second, the trial judge in *Lyons* reversed the omnibus order based on the same facts presented to the omnibus judge; he merely believed that the omnibus judge's analysis of those facts were erroneous. Here, the trial court reconsidered the omnibus order only after the state claimed it had discovered new evidence which had not been presented to the omnibus court. This new evidence that the Clarks' three children were present during appellant's conversation with his ex-wife further constitutes an extraordinary circumstance justifying reopening of the omnibus order.

Appellant now suggests that had the state investigated its case more thoroughly, it would have discovered that the Clarks' three children were present during the couple's conversation. In hindsight, it would have been prudent for the state to have requested a hearing on the issue. However, this omission is understandable in light of the time constraints the state was working under. The appellant suf-

fered no prejudice as a result of the state's failure to request the hearing originally. The foregoing extraordinary circumstances are sufficient, in and of themselves, to bring this case outside the *Lyons* case. We cannot penalize the state for failing to request a hearing.

### DECISION

The trial court was justified in reversing an omnibus order issued by a different judge based on extraordinary circumstances.

Affirmed.