STATE v. JOHN CLINTON BELLCOURT.

251 N. W. 2d 631.

February 25, 1977—No. 46078.

*C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *Gregory K. Larson,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant, appealing from judgment of conviction of aggravated robbery, Minn. St. 609.245, claims (1) that identification procedures used violated his right to due process, (2) that admission of two photographs of him and other evidence improperly informed the jury of his criminal record, (3) that the trial court improperly admitted evidence of another criminal act by defendant committed after the offense for which he was being tried, and (4) that the trial court erred in sentencing him to an increased term in prison pursuant to the dangerous offender act, Minn. St. 609.16, and that the act is void for vagueness. We affirm.

1. Defendant's first claim is that his conviction was based on identification evidence which was the product of unfair identification procedures. The test which must be applied in determining this claim is whether, under the record as a whole, it can be said that there is a substantial likelihood that defendant was irreparably misidentified. Neil v. Biggers, 409 U. S. 188, 93 S. Ct. 375, 34 L. ed. 2d 401 (1972). Applying this test, we conclude that the in-court identification of defendant was reliable.

2. Defendant's claim that the jury was improperly informed of his criminal record is based on two basic facts. First, defendant points to the fact that enlargements of two front view, police identification type pictures of him were admitted at trial. Defendant contends that although the pictures did not contain any markings to indicate that they were police photographs taken in connection with prior offenses, the jury nonetheless might have guessed that they were. The second part of defendant's argument is that certain witnesses made references to the

pictures which suggested that the pictures were police photographs. Extreme caution must be exercised by the prosecution in the use of this kind of evidence. See, State v. Madison, 281 Minn. 170, 160 N. W. 2d 680 (1968). Under some circumstances we might order a new trial because of the admission of this kind of evidence. However, in this case defendant was the first party to elicit any evidence relating to his pretrial photographic identification and not only did he not object to any of the evidence which he now claims prejudiced him but in fact he specifically stated that he did not object to the admission of the photographs. Under these circumstances, defendant cannot now reasonably contend that he should be granted a new trial on the ground that this evidence prejudiced him.

3.   Defendant's third contention relates to the admission of evidence of a separate criminal incident in which he was involved in another town 4 hours after the offense of which he was convicted. The robbery occurred in Duluth at 10 p. m. and was committed by two Indian males, one armed with a gun. The evidence in question showed that 4 hours later defendant and his brother, both Indians, were stopped in Red Lake, 171 miles away, after being observed driving in the opposite direction from Duluth in a speeding car which had license plates registered to another automobile. Upon being stopped defendant produced a gun and he and his brother handcuffed the officers, only later deciding to let them go in exchange for a promise that the officers would leave and not press charges.

We believe that the relation of this criminal act to the offense for which defendant was being tried is substantial, that the evidence was highly relevant to the identification of defendant as one of the robbers, and that the evidence was not admitted for the purpose of suggesting to the jury that defendant should be convicted because of any propensity to commit crimes. Further, the evidence was needed because the other evidence on the issue of identification was weak in that only one witness had identified defendant and defendant had served notice of intent to claim

alibi. See, State v. Billstrom, 276 Minn. 174, 149 N. W. 2d 281 (1967).

4. The final issue relates to the trial court's sentencing defendant to an increased term of 40 years pursuant to the dangerous offender act, Minn. St. 609.16. We reject the contention the trial court's findings on this issue were clearly erroneous. Defendant's contention that the statute is void for vagueness was not raised below and therefore must be deemed waived.

Affirmed.