STATE of Minnesota, Respondent,

v.

Robert Jess ANDERSON, Appellant.

No. 48035.

Supreme Court of Minnesota.

Nov. 3, 1978.

Pokorny, Erickson, Blanchar & Notermann, Minnetonka, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert Johnson, County Atty., Edwin Wistrand, Asst. County Atty., Anoka, for respondent.

TODD, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.St. 609.-342(b),[1] and was sentenced by the trial court to a maximum term of 20 years in prison. On this direct appeal, defendant raises issues relating to delay by the prosecution in charging him and bringing him to trial, the admissibility of certain other-crimes evidence, the propriety of a pretrial protective order, and the propriety of the court's refusal to permit defendant to introduce certain evidence. We affirm.

1. Defendant's first contention is that his right to a speedy trial was violated by a 9-month delay in charging him and bringing him to trial. In *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the United States Supreme Court held that the speedy-trial clause protects a defendant only against unfair prejudice resulting from delays following the arrest of defendant or the filing of charges. In this case, defendant's trial began approximately 4 months after he was arrested and formally charged. The rest of the delay was preaccusation delay.

■ Determination of whether a post-accusation delay in bringing defendant to trial violates the speedy-trial clause requires an analysis of the facts relating to (a) length of the delay, (b) reasons for the delay, (c) defendant's assertion of his right, and (d) prejudice to defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1971). Applying this test, we conclude that defendant's right to a speedy trial was not violated.

■ Although defendant does not explicitly claim that the total delays violated

his right to due process, we have considered that issue also. As the Supreme Court held in *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977), the due process clause protects against delays, including preaccusation delays, that are planned by the prosecution for the purpose of gaining a tactical advantage, if the delays result in actual prejudice to the defendant. In this case, defendant has not shown that he was unfairly prejudiced by any of the delays, preaccusation or postaccusation, nor has he shown that there was any attempt by the state to unfairly delay the prosecution in order to gain a tactical advantage.

■ 2. Defendant's next contention is that the trial court erred in admitting testimony of the complainant and her half sister, both of whom were defendant's stepdaughters, about similar prior offenses committed by defendant against them. This evidence showed that defendant sexually abused complainant's half sister until she left home in August 1970, and that a short time later he began to force complainant, who was then only 8, to have sexual intercourse with him, something he continued to do with increasing frequency until she left the home for good in 1976, shortly after defendant committed the offense with which he was charged. Defendant challenges the admission of this evidence on numerous grounds, none of which merits detailed discussion. In answering the many points raised by defendant, we believe it sufficient to say that: (a) the state's pretrial notices to defendant were as specific and complete as could be expected, (b) the relation of the other offenses to the offense charged was substantial, (c) the evidence was highly relevant, (d) the evidence was not admitted for the purpose of suggesting to the jury that defendant should be convicted because he had a propensity to commit crimes, (e) the state introduced the evi-

---

1. Minn.St. 609.342(b) provides as follows: "A person is guilty of criminal sexual conduct in the first degree and may be sentenced to imprisonment for not more than 20 years, if he engages in sexual penetration with another person and if any of the following circumstances exists:

    \*    \*    \*    \*    \*    \*

"(b) The complainant is at least 13 but less than 16 years of age and the actor is more than 48 months older than the complainant and in a position of authority over the complainant, and uses this authority to coerce the complainant to submit. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense."

dence because it legitimately felt that it needed the evidence to meet its burden of proof, (f) the state proved defendant's commission of the other crimes, and (g) the trial court carefully cautioned the jury about the use of the evidence. Under the circumstances, the trial court did not err in admitting the evidence. *State v. Billstrom*, 276 Minn. 174, 149 N.W.2d 281 (1967).

3. Defendant's contention that the trial court abused its discretion in granting a pretrial protective order does not merit detailed discussion. Defendant cites no authorities in support of his argument.

4. Defendant's final contention is that the trial court erred in refusing to permit defense counsel to introduce evidence that in 1971 a social worker conducting a custody evaluation had talked with complainant, but she had not informed him that defendant was sexually abusing her. While the trial court properly could have admitted this evidence, we do not see how the court's ruling could have prejudiced defendant, since complainant had made it clear in her testimony that even though she had the opportunity, she did not tell anyone other than her mother about defendant's conduct until 1976.

Affirmed.