**STATE of Minnesota, Respondent,**

v.

**Gregory Parker MILLS, Appellant.**

**No. 49597.**

Supreme Court of Minnesota.

March 7, 1980.

C. Paul Jones, Public Defender, and Kathleen K. Rauenhorst, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, Thomas A. Weist and Janeen E. Rosas, Asst. County Attys., Minneapolis, for respondent.

ROGOSHESKE, Justice.

Defendant was convicted of burglary and theft for unlawfully entering the house of an elderly friend and taking property from the house while she was in the hospital. Minn.Stat. §§ 609.58, subds. 2(3) and 609.52, subds. 2(1) and 3(2) (1978). On this appeal from judgment of conviction defendant, who was sentenced by the trial court to consecutive prison terms, Minn.Stat. § 609.-585 (1978), contends that the evidence of his guilt was legally insufficient and that the trial court prejudicially erred in admitting other-crime evidence. We affirm.

Evidence of defendant's guilt included evidence that defendant's eyeglasses were found in an upstairs room in the house and that he left a fingerprint on a dish in the living room. Defendant, testifying in his own behalf, claimed that he had left his eyeglasses in the upstairs room when he was there legitimately with the victim, whom he had befriended, and that he had left his fingerprint on the dish under similar innocent circumstances. The victim, while admitting that defendant had been in the house before, denied that he had been in the upstairs room in question or that he had ever touched the dish, which the victim kept in a glassed-in cabinet.

Other evidence of defendant's guilt included evidence that defendant, who was a resident of a halfway house at the time of the offense, fled when he learned that a warrant was out for his arrest and evidence that, when arrested, defendant tried to flee from the arresting officers and gave a false name.

The other-crime evidence showed that in 1975 defendant had been caught in

the act of burglarizing an unoccupied house of an elderly man and taking old dishes, among other items. While the prior crime occurred 3 years earlier, it appears that defendant had been in prison in the 3-year interval and that, excluding the time spent in prison, there was a substantial relationship in time between the two offenses. *State v. DeGidio*, 261 N.W.2d 746 (Minn. 1978). The offenses were also related in that in each of them one of the main items of interest to defendant had been old dishes.

Holding that the evidence of defendant's guilt was not, as defendant contends, legally insufficient and holding that the trial court did not abuse its discretion in admitting the other-crime evidence, we affirm.

Affirmed.