Ashraf **MUHAMMED**, petitioner,
Appellant,

v.

**STATE of Minnesota, Respondent.**

**No. 81–946.**

Supreme Court of Minnesota.

March 12, 1982.

C. Paul Jones, Public Defender, and Mary E. Steenson, Asst. Public Defender, Minneapolis, for petitioner, appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael McGlennen, Thomas A. Weist and Anne E. Peek, Assts. County Attys., Minneapolis, for respondent.

PETERSON, Justice.

This is an appeal from an order of the district court denying a petition filed by Ashraf A. Muhammed, a.k.a. Arthur L. Broadway, seeking postconviction relief from his 1980 conviction of criminal sexual conduct in the first degree and burglary of a dwelling while armed with a dangerous weapon. Petitioner, who is serving consecutive 20-year sentences, contends on this appeal that the trial court prejudicially erred in (1) admitting evidence of petitioner's commission of other similar crimes and (2) refusing to suppress a statement or part of a statement petitioner made to the police after he was arrested.

The convictions from which petitioner seeks relief were based on petitioner's unlawful entry of the residence of a North Minneapolis woman in the middle of the night and on his forcing the woman to submit to cunnilingus and sexual intercourse. Evidence against petitioner, which was overwhelming, included (1) positive identification of petitioner by the victim, (2) positive identification of petitioner by the victims of a large number of remarkably similar incidents, (3) evidence that petitioner was literally caught in the act of trying to break into the North Minneapolis resi-

dence of one of the victims, and (4) incriminating statements which petitioner made to police after his arrest.

■ 1. There is no merit to petitioner's contention that the trial court erred in admitting the other-crime evidence. The specific arguments made by petitioner have been addressed in a number of our cases, including the following: *State v. Lindahl,* 309 N.W.2d 763 (Minn.1981); *State v. Anderson,* 275 N.W.2d 554 (Minn.1978); *State v. Titworth,* 255 N.W.2d 241 (Minn.1977).

2. Petitioner's contention that the trial court erred in refusing to suppress his statement to police raises a number of issues.

■ (a) First, petitioner contends that the entire statement should have been suppressed as the fruit of a violation of Minn. R.Crim.P. 4.02, subd. 5(1), the so-called 36-hour rule. Our analysis of the record fails to establish a violation of the 36-hour rule and fails to establish that any delay in taking petitioner before a magistrate was unreasonable. In any event, suppression of the statement would not be automatic. *State v. Wiberg,* 296 N.W.2d 388 (Minn. 1980).

■ (b) Second, petitioner argues that after he had made some incriminating statements he invoked his right to counsel by saying that "I will confess to my lawyer what is going down." He argues that anything he said after this point should have been suppressed and that failure to do so was prejudicial error.

The record sufficiently establishes that petitioner initially waived his right to counsel—*North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979)—and the issue is not one of waiver but whether this statement constituted an attempt by petitioner to invoke his right to counsel and put a stop to further questioning. Language in recent United States Supreme Court decisions suggests that an invocation of *Miranda* rights following a waiver must

be clear and explicit,[1] but we need not decide this point because we are satisfied that even under the so-called question-of-fact approach the petitioner's statement was not intended as a request that further interrogation cease or that he be interrogated only in the presence of counsel. Further, any error in the admission of the second part of the statement would be harmless error on this record. *See Watts v. State*, 305 N.W.2d 860 (Minn.1981).

(c) Petitioner's argument that the second part of this statement was irrelevant and unfairly prejudicial and should have been suppressed as a matter of state evidentiary law is without merit.

Affirmed.

1. In *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378 (1981), which dealt with reinterrogation of an accused after he had asserted his right to counsel, the Court stated that "[I]t is inconsistent with *Miranda* and its progeny for the authorities, at their instance, to reinterrogate an accused in custody if he has *clearly* asserted his right to counsel." (Emphasis added.) *See also Fare v. Michael C.*, 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979), noted in 21 B.C.L. Rev. 922 (1980).