**STATE of Minnesota, Respondent,**

v.

**William Dean SCOTT, Appellant.**

**No. 81–674.**

Supreme Court of Minnesota.

Aug. 31, 1982.

C. Paul Jones, Public Defender, and Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Spec. Asst. Attys. Gen., St. Paul, Robert Kelly, County Atty., Stillwater, for respondent.

PETERSON, Justice.

Defendant was found guilty by a district court jury of a charge of aggravated robbery, Minn.Stat. § 609.245 (1980), and was sentenced by the trial court to a term of 87 months in prison, with the term running consecutively to a previously imposed but unexpired term for aggravated robbery but concurrently with a sentence for a current offense (illegal possession of a firearm by a felon).[1] On this appeal from judgment of conviction defendant contends that the evidence was insufficient on the issue of identification and that he was denied a fair trial by the admission of *Spreigl* evidence and by the trial court's decision that he wear leg restraints during the trial except when he testified. We affirm.

On the evening of October 12, 1980, a police officer entered a small grocery store in Oakdale located near the border with Landfall as two men who had just robbed the cashier and handcuffed him to a freezer were leaving the store. One of the men, wearing a stocking cap, was armed with a small caliber semi-automatic pistol and the other man was armed with a butcher knife. The officer gave chase and the robbers split up, one running to a waiting car occupied by a third party. The officer then jumped in his squad car and chased the fleeing car, which went out of control and was abandoned by the occupants, who fled on foot.

---

1. Defendant's criminal history score at the time of sentencing was five. Aggravated robbery is a severity level VII offense. The presumptive sentence for such an offense by a person with a criminal history score of five is 81 (75–87) months in prison. The 87-month term is within the range of deviation permitted without departing. The trial court's decision to make the sentence to run consecutively to the previously imposed but unexpired sentence for the 1976 robbery conviction was justified by II.F.1. of the Sentencing Guidelines and did not constitute a departure from the presumptive sentence.

The car was registered to one Timothy Hermanson and in the search of the car police found items belonging to one Frank Clark, a parolee. Two days later police went to the apartment of defendant's mother and girlfriend where they found and arrested Hermanson, Clark, and defendant. Clark tried to flee and defendant tried to hide under the bed, but both were caught. Police found a loaded .32 caliber semi-automatic pistol under the bed where defendant was hiding.

The cashier identified defendant in a lineup and at trial as the gunman, stating that he was 90% sure in his identification. He also identified defendant's gun as the gun wielded by defendant in the robbery.

Clark, who already had been convicted of the robbery by the time of defendant's trial, was called as a witness for the state. He claimed that he and Hermanson had participated in the robbery but not defendant. However, his testimony was impeached by prior statements of his implicating defendant in the robbery.

The trial court, over defense objection, permitted the state to present evidence concerning defendant's participation in a 1976 robbery of a neighborhood grocery store in the east part of St. Paul. In that robbery defendant also wore a stocking cap and he and his companion were armed with butcher knives similar to the butcher knife used by defendant's companion in the charged offense. They were aided in that robbery by a third party, who drove the getaway vehicle. That vehicle crashed during a police chase and defendant and his accomplices were caught.

Over objection by defense counsel, defendant was required to wear leg restraints during the trial, except when he testified. There is no indication in the record that these restraints were visible to the jury or that the jury was aware of them.

Defendant admitted in his testimony that he had been convicted of aggravated robbery in 1976 and car theft in 1979 and he admitted he had escaped from prison in September of 1980, a month before the charged offense. He admitted that he had been associating with Hermanson and Clark after the escape including on the day of the charged offense. He also admitted that he had bought and illegally possessed the gun seized from him. However, he denied participating in the robbery, claiming that he was home watching television with his mother and his girlfriend at the time. His mother and girlfriend corroborated his alibi.

1. There is no merit to defendant's contention that the evidence identifying him as a participant in the robbery was insufficient. The cashier's description of the gunman apparently fit defendant, and the cashier identified defendant both at the lineup and at trial. The cashier was 90% sure in his identification of defendant. His identification testimony was corroborated by (a) evidence of defendant's association with Hermanson and Clark, including on the day of the robbery and at the time of arrest, (b) evidence that defendant tried to hide from police when arrested and that he was in possession of a gun at that time which was later identified by the cashier as the gun used by the gunman, (c) evidence that defendant lied to the police when he was questioned, and (d) evidence concerning defendant's participation in the remarkably similar robbery in 1976.

2. We need not decide whether the trial court was justified in requiring defendant to wear leg restraints because there is no evidence that the jury learned that defendant was wearing the restraints and therefore any error would be nonprejudicial. *State v. Hudson*, 281 N.W.2d 870 (Minn.1979).[2]

2. We note, however, that the trial court was aware of defendant's prior escape from prison, a factor which supported the trial court's decision. Concerning the relevance of this and other factors in deciding whether or not to restrain a defendant at trial, *see State v. Stewart*, 276 N.W.2d 51 (Minn.1979), where we dis-

cussed the issue of shackling in depth. As we stated there, we are concerned about the prejudicial effects of restraints on defendants during trial and therefore as a general rule a defendant should not be subjected to physical restraint during trial unless that is reasonably and emi-

3. Defendant's final contention is that the trial court prejudicially erred in admitting the *Spreigl* evidence concerning his participation in the 1976 aggravated robbery.

As stated in *State v. Morrison*, 310 N.W.2d 135, 137 (Minn.1981),

> The key tests in determining admissibility of *Spreigl* evidence are whether the evidence is clear and convincing that defendant participated in the *Spreigl* offense, whether the *Spreigl* evidence is relevant and material to the state's case, and whether the potential of the *Spreigl* evidence for unfair prejudice substantially outweighs its probative value.

In determining whether prior-crime evidence is relevant we have required a close relationship with the prior crime and the charged offense in terms of time, place, or modus operandi. However, we have been flexible in applying the requirement. In *State v. Bellcourt*, 312 Minn. 263, 251 N.W.2d 631 (1977), we upheld the admission of evidence of other crimes even though they were committed 170 miles away from the crime charged because the evidence was highly relevant. In *State v. Mills*, 290 N.W.2d 616 (Minn.1980), in affirming burglary and theft convictions, we upheld the admission of evidence of a prior burglary committed by defendant because, although the prior burglary occurred 3 years earlier, the evidence was still highly relevant. Specifically, the prior burglary was committed in the same manner and with the same motive, and arguably there was in fact a close relation in time since it appeared that defendant was in prison in the interim between the two crimes. And in *State v. Anderson*, 275 N.W.2d 554 (Minn.1978), while one of the prior crimes admitted occurred 6 years before the crime charged, the crime was relevant because there was also evidence of other similar crimes by defendant in the interval showing a pattern of conduct.

In the instant case the prior crime and the charged offense both occurred on the eastern side of the St. Paul Metropolitan Area within a mile of defendant's residence. Both robberies were robberies of convenience grocery stores committed by two men, neither wearing a mask, with a third man driving a getaway car. Defendant wore a stocking cap in committing the prior robbery and was identified by the cashier as being the one who wore a stocking cap in committing the charged offense. Defendant and his companion in the 1976 robbery were armed with butcher knives, and a similar knife was used by one of the two men who committed the charged offense. Although there was an interval of more than 4 years between the two offenses, defendant was in prison for a substantial part of that period.

Under the circumstances, we conclude that the trial court did not prejudicially err in admitting the *Spreigl* evidence.

Affirmed.

nently necessary and then only to the extent

necessary under the circumstances.