Ashraf **MUHAMMED**, Petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

**No. CX–82–866.**

Supreme Court of Minnesota.

May 20, 1983.

---

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Minneapolis, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Ashraf Muhammed, age 51, from an order of the Hennepin County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (1982). We affirm.

In 1980 petitioner was convicted of burglary and criminal sexual conduct in the first degree. Those convictions were based on petitioner's unlawful entry of the residence of a Minneapolis woman in the middle of the night and on his forcing the woman to submit to cunnilingus and sexual intercourse. The evidence against petitioner was overwhelming and included evidence that petitioner had been involved in a large number of remarkably similar incidents. The trial court sentenced petitioner to two consecutive prison terms of 1 to 20 years. In *Muhammed v. State*, 316 N.W.2d 572 (Minn.1982), we affirmed the denial of an earlier petition for postconviction relief based on other grounds.

Petitioner's sentences are scheduled to expire on December 24, 2005. That date is also his current expected release date.

If the Sentencing Guidelines had been in effect at the time petitioner committed the offenses, his criminal history score at the time of sentencing would have been one. Criminal sexual conduct in the first degree, the more serious of the two offenses, is a severity level VIII offense. The presumptive sentence for that offense when committed by a person with petitioner's criminal history score is 54 (50–58) months in prison. If petitioner were resentenced to the presumptive sentence, he would be entitled to immediate release from prison and his sentence would expire in January of 1986.

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." Petitioner is a violent offender with a prior criminal record. The record on appeal also indicates that he has refused psychological testing and has refused to participate in sex offender treatment programs. Petitioner had the burden of overcoming these negative factors and proving that his early release from the sentences would not present a danger to the public and would not be incompatible with the welfare of society. The district court justifiably concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.