STATE of Minnesota, Respondent,

v.

**William Jon HOGETVEDT, Appellant.**

No. C9–92–472.

Court of Appeals of Minnesota.

Aug. 11, 1992.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Richard M. Arney, Washington County Atty., Gregory J. Tavernier, Asst. County Atty., Stillwater, for respondent.

John M. Stuart, State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and PETERSON and FOLEY,* JJ.

## OPINION

LANSING, Judge.

Without stating its reasons on the record, the trial court granted a guard's request to place defendant in leg restraints

---

* Retired judge of the Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

during trial even though the only evidence that the defendant posed a threat to courtroom security was a nonviolent escape from a low-security prison five years earlier. We reverse and remand.

## FACTS

William Hogetvedt, an inmate at Oak Park Heights Correctional Facility, was charged with introducing contraband into a correctional facility. A guard requested that Hogetvedt's legs be restrained during trial because he had previously escaped from prison. Hogetvedt objected that the restraints were unnecessary because the earlier escape was a nonviolent walkaway from a minimum-security facility five years ago, he had posed no threat to the court during the proceedings, and the use of restraints would prejudice the jury and deny him a fair trial. The trial court granted the request but failed to state the reasons on the record.

The restraints were visible to the jury during trial. However, because Hogetvedt was defending himself, to minimize the impact of his immobility the court instructed the prosecution to remain behind the counsel table and instructed court officials to present exhibits to the jury. The court also instructed the jury that the restraints had no bearing on Hogetvedt's guilt or innocence. The jury convicted Hogetvedt.

On appeal Hogetvedt contends that the use of restraints denied him a fair trial. Hogetvedt also contends that the court erred in denying his motion to reopen an evidentiary hearing and in allowing him to proceed pro se, and that the evidence does not support the conviction.

## ISSUE

Did the use of leg restraints visible to the jury deny Hogetvedt a fair trial?

## ANALYSIS

■ The right to a fair trial is a fundamental right secured by the Sixth and Fourteenth Amendments. *Holbrook v. Flynn*, 475 U.S. 560, 567, 106 S.Ct. 1340, 1345, 89 L.Ed.2d 525 (1986); *Estelle v.*

*Williams*, 425 U.S. 501, 503, 96 S.Ct. 1691, 1692, 48 L.Ed.2d 126 (1976). Inherent in this right is the principle that guilt must be established by probative evidence, not external factors. *See Estelle* 425 U.S. at 505, 96 S.Ct. at 1693. The use of restraints in the presence of a jury is inherently prejudicial because it risks impermissibly influencing the jury's judgment and denying defendant a fair trial. *Holbrook*, 475 U.S. at 568–69, 106 S.Ct. at 1345–46.

A defendant may be restrained in court only if such restraint is reasonably necessary to maintain order or security. Minn. R.Crim.P. 26.03, subd. 2(c). The judge must state the reasons for using restraints, on the record, outside the presence of the jury. *Id.* At the defendant's request, the judge must instruct the jury that the use of restraints should not be considered in assessing proof and determining guilt. *Id.*

The Minnesota rule parallels the federal constitutional requirement that inherently prejudicial trial practices are subject to close scrutiny and may only be used to protect an essential state interest, such as courtroom security. *Holbrook*, 475 U.S. at 568, 106 S.Ct. at 1345; *Illinois v. Allen*, 397 U.S. 337, 343, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970). Federal law also requires that any restraint used must be reasonable and necessary under the particular circumstances. *Allen*, 397 U.S. at 344, 90 S.Ct. at 1061.

■ The Minnesota Supreme Court has strongly discouraged the use of restraints during trial and has stated they should be "virtually a matter of last resort." *State v. Stewart*, 276 N.W.2d 51, 61 (Minn.1979); *see also State v. Jones*, 311 Minn. 176, 179, 247 N.W.2d 427, 430 (1976) (shackling is to be avoided except in "exceptional circumstances"). If the court determines that restraints are necessary, those used should be the least coercive under the circumstances. *Stewart*, 276 N.W.2d at 61.

■ The supreme court has identified characteristics of a defendant that a trial court may consider in determining whether restraints are necessary. *Id.* at 62 n. 5. These include defendant's physical and emotional characteristics, past convictions

for violent crimes, past escapes, violent conduct in the past or present, threats of violence, and the threat of a breach of security in the courtroom from outside sources. *Id.* The decision to restrain must be based on the defendant's behavior at the time of trial which must present an immediate need for restraint. *State v. Coursolle*, 255 Minn. 384, 389, 97 N.W.2d 472, 476–77 (1959).

■ Contrary to the requirement of the criminal rules, the trial court did not state on the record the reasons for restraining Hogetvedt. *See* Minn.R.Crim.Pro. 26.03, subd. 2(c). The rule implicitly recognizes that the defendant must be given an opportunity to challenge the reasons for restraint. *Stewart*, 276 N.W.2d at 62. Requiring that reasons be stated on the record enables a reviewing court to fairly assess the trial court's actions. The court's failure to comply with the rule is sufficient grounds for reversal.

■ Further, in reviewing the record, we cannot conclude that the restraints were reasonably necessary under the circumstances. Hogetvedt's previous escape occurred five years earlier and involved no force or violence. His criminal record indicated no other escapes, no violent crime convictions, and no violent conduct. He had made no threat to courtroom safety or procedural order. There was no evidence that he would attempt to escape or that others would attempt to rescue him or otherwise disrupt the decorum of the court.

■ Trial judges must make difficult decisions about when restraints are appropriate and need not wait for a crisis to occur before imposing restraints on a defendant. *Id.* However, the criminal rules, Minnesota precedent, and U.S. Supreme Court precedent require that the record support the conclusion that restraints were immediately and reasonably necessary.

## DECISION

The case is remanded for a new trial. On remand the court may reconsider Hogetvedt's requests to be represented by an attorney and to suppress evidence. Given this disposition we need not consider the sufficiency of the evidence to support the verdict.

Reversed and remanded.