STATE of Minnesota, Respondent,

v.

William E. LEHMAN, Jr., Appellant.

No. C4–93–180.

Court of Appeals of Minnesota.

Nov. 9, 1993.

Review Granted Dec. 14, 1993.

John M. Stuart, State Public Defender, Scott Swanson, Mark F. Anderson, Asst. State Public Defenders, University of Minnesota, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., Duluth, Brian D. Simonson, Asst. County Atty., Hibbing, for respondent.

Considered and decided by DAVIES, P.J., and FORSBERG and STONE,* JJ.

## OPINION

FORSBERG, Judge.

At the sheriff's request, the trial court ordered defendant placed in a leg restraint on the second day of trial. The court made no findings about the visibility of, or need for, the restraint. We reverse and remand.

## FACTS

William Lehman was charged with second degree assault. Lehman had a history of

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

violence, including armed robbery, escape from the custody of a deputy in 1980, and assault of a guard while in prison in 1990.

Lehman represented himself during the assault trial. On the morning of the second day of trial, the sheriff's department fitted him with a leg brace as a security measure. Although the restraint was fitted under his trousers, Lehman complained that it would be visible to the jury because it did not fit properly, stuck out below his trousers, and made movement awkward.

Outside the presence of the jury, Lehman asked the court to order the restraint removed. On the record, a deputy and the prosecutor informed the court that the restraint was placed on Lehman because of two previous escape attempts, and because additional security measures were employed at Lehman's recent trial in Wisconsin. No other details were provided in court. Stating only that he preferred to defer to the judgment of the sheriff, the court denied Lehman's request to have the restraint removed.

The jury convicted Lehman. Lehman appeals, contending he did not receive a fair trial because of the leg restraint.

## ISSUE

Did the use of a leg restraint during trial deprive appellant of his right to a fair trial?

## ANALYSIS

■ The United States Constitution guarantees the fundamental right to a fair trial. United States Constitution, amends. VI and XIV; *Holbrook v. Flynn*, 475 U.S. 560, 567, 106 S.Ct. 1340, 1345, 89 L.Ed.2d 525 (1986). The use of bodily restraints visible to a jury risks denying defendant a fair trial because they may influence the jury's judgment, leading it to determine guilt on the basis of external factors rather than probative evidence. *Holbrook*, 475 U.S. at 567–68, 106 S.Ct. at 1345. The practice is, thus, inherently prejudicial. *Estelle v. Williams*, 425 U.S. 501, 504, 96 S.Ct. 1691, 1693, 48 L.Ed.2d 126 (1976).

■ The Minnesota Supreme Court has expressed disapproval of the use of restraints. *State v. Stewart*, 276 N.W.2d 51, 61

(Minn.1979) (use of restraints should be matter of last resort); *see State v. Jones*, 311 Minn. 176, 247 N.W.2d 427 (1976) (shackling should be avoided except in exceptional circumstances). Further, restraints should be used during trial only if there is an immediate need for them. *State v. Coursolle*, 255 Minn. 384, 389, 97 N.W.2d 472, 476–77 (1959). An immediate need may be inferred from current attributes of the defendant or defendant's prior conduct. *Stewart*, 276 N.W.2d at 62. These attributes include defendant's physical and emotional characteristics, past convictions for violent crimes, past escapes, violent conduct in the past or present, threats of violence, and the threat of a current courtroom security breach from outside sources. *Id.* at n. 5.

■ Under Minnesota Rules of Criminal Procedure 26.03, subd. 2(c), a defendant may not be restrained in court unless the court has found the restraint to be "reasonably necessary to maintain order or security." If a restraint is ordered, the court must state the reasons on the record outside the presence of the jury. This allows an appellate court to fairly review the trial court's decision. *State v. Hogetvedt*, 488 N.W.2d 487, 490 (Minn.App.1992).

■ In this case, there is conflicting evidence about whether the restraint was visible to the jury. The state contends use of the restraint was not prejudicial because it was under Lehman's trousers and not visible to the jury. Further, the state argues, if the jurors did notice the restraint, they would have thought it a medical device. The presence and purpose of the restraint became obvious only because Lehman pointed it out during his closing argument.

On the other hand, Lehman contends the restraint was obvious because it did not fit him properly and he was constantly readjusting it to accommodate movement. Further, he argues, the restraint was not ordered until the second day of trial; because the jurors had already seen him move unencumbered, they must have realized the device was a restraint and not a medical brace.

The trial court made no determination on the record of whether the restraint was visible to the jury. Neither did the court state

on the record the reasons for restraining Lehman. The court indicated only that he was ordering the restraint because he was deferring to the judgment of the sheriff.

■ On this record, we are unable to conclude that Lehman's constitutional right to a fair trial was not prejudiced. The jury at least became aware of the restraint during closing argument because Lehman felt the need to explain its presence. The defendant has the right to bring a restraint to the jury's attention by asking the court to give an instruction that the restraint should not be considered in determining guilt. Minn. R.Crim.P. 26.03, subd. 2(c). Thus, we cannot say Lehman forfeited his right to a fair trial when he attempted to ameliorate the effect of the restraint by raising the issue in closing summation.

Further, the court did not exercise its own discretion in ordering the restraint. It made no findings, as required by rule 26.03, subd. 2(c), to explain the need for the restraint. No information about the circumstances or timing of the previous escapes was discussed in court.

The state contends the evidence against Lehman is conclusive, thus, the conviction should stand. The Constitution guarantees Lehman a fair trial, however, regardless of the strength of the evidence against him. *Stewart,* 276 N.W.2d at 60; *see also Hogetvedt,* 488 N.W.2d at 490 (conviction reversed because court failed to make findings on record supporting restraint; sufficiency of the evidence not considered). Under the circumstances of this case, we cannot be certain Lehman received a fair trial.

### DECISION

Because there is conflicting evidence regarding the visibility of the leg restraint placed on Lehman, and inadequate findings in the record explaining the trial court's decision, we cannot conclude that the restraint was not prejudicial. Lehman's right to a fair trial was therefore not adequately protected and he is entitled to a new trial.

**Reversed and remanded.**