**STATE of Minnesota, Respondent,**

v.

**Charles Jack WIDELL, Appellant.**

**No. C9–94–1576.**

Court of Appeals of Minnesota.

April 18, 1995.

Review Denied May 31, 1995.

Hubert H. Humphrey, III, Atty. Gen., Robert M.A. Johnson, Anoka County Atty., Marcy S. Crain, Asst. County Atty., Anoka, for respondent.

Susan J. Andrews, Asst. State Public Defender, St. Paul, for appellant.

Considered and decided by HUSPENI, P.J., HARTEN, and FOLEY,* JJ.

**OPINION**

HARTEN, Judge.

Appellant Charles Jack Widell appeals from a jury conviction of gross misdemeanor

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.   art. VI, § 10.

theft, Minn.Stat. § 609.52, subds. 2(1) and 3(4) (1992), and possession of a controlled substance in the fifth degree, Minn.Stat. § 152.025, subds. 2(1) and 3(a) (1992 & Supp. 1993). Widell contends that the trial court erred by ordering him restrained with imperceptible leg braces during his trial. Widell also argues that the trial court erred when it denied his untimely request to amend his witness list to include eleven character witnesses.

## FACTS

Widell was arrested on January 24, 1994, after a security guard watched him walk out of Best Buy with a computer monitor for which he had not paid. Officer Michael Bozell responded to the reported theft. The officer patted down Widell for weapons and handcuffed him before transporting him to the Anoka County Jail. The officer then filled out his reports and went to the police station where he checked the back seat of his squad car. There he found a small folded piece of paper containing powder that was later identified as cocaine.

On February 2, 1994, the prosecution requested defense disclosures. Widell disclosed one witness on February 25, 1994, the day of the omnibus hearing. Widell did not attempt to amend his disclosure during the next two months before trial.

Widell's trial began on April 19, 1994. During pretrial motions, Widell sought to amend his witness list to include eleven character witnesses. Defense counsel stated that the witnesses would testify that they did not believe Widell used cocaine. The prosecution objected and sought disallowance of the proposed testimony because it was irrelevant to the possession charge and its disclosure was untimely. The trial court sanctioned Widell for violating the discovery rules by prohibiting the witnesses from testifying.

Also during the pretrial hearing, the trial court had ordered that Widell be restrained during trial with leg braces worn under his trousers. Widell objected. The trial court responded that, since the jury could not see the braces, the restraint was acceptable. During the prosecution's case-in-chief, the jury and the parties left the courtroom to view Officer Bozell's squad car; the court recessed and allowed Widell to go to the viewing unseen by the jury.

The issue of restraints was addressed again later after the defense finished presenting its evidence. Outside the presence of the jury, the trial court stated:

I specifically ordered that he be able, one, of course, to wear regular street attire. And two, that he not be visibly restrained so that the jury knew he was in restraints. My feeling is, given the Record and given the potential outcome of this case, given Mr. Widell's history, lengthy criminal history, that it would seem to me that the leg restraints were appropriate because at the very least I don't think Mr. Widell should be in an area, particularly when we were down doing the viewing [of Officer Bozell's squad car], where it would be easy for him to just take off.

The trial court went on to state:

The restraints that are on the defendant are not visible because they are under his clothes. The only way they could be noticeable is if he were walking while the jury was present. And we have been very careful about making sure that he is always in the courtroom before the jury gets here. And we were very careful about the viewing so that he was out there before the jury went out.

The jury convicted Widell of both charges. This appeal followed.

## ISSUES

1. Did the use of hidden leg restraints deny Widell a fair trial?

2. Did the trial court abuse its discretion by denying Widell's motion to amend the witness list on the day of trial?

## ANALYSIS

1. The decision to have a defendant restrained is within trial court discretion. *State v. Stewart,* 276 N.W.2d 51, 61 (Minn.1979). A trial court decision ordering restraints will not be overturned absent an

abuse of discretion. Widell argues that the trial court erred in restraining him.

Minn.R.Crim.P. 26.03, subd. 2(c) provides: Defendants and witnesses shall not be subjected to physical restraint while in court unless the trial judge has found such restraint reasonably necessary to maintain order or security. A trial judge who orders such restraint, shall state the reasons on the record outside the presence of the jury.

A defendant should not be subjected to physical restraint during trial unless it is reasonably and eminently necessary and then only to the extent necessary under the circumstances. *State v. Lehman*, 511 N.W.2d 1, 3 (Minn.1994). The defendant must be given an opportunity to challenge the reasons for restraint. *Stewart*, 276 N.W.2d at 62.

■ A trial court may consider certain characteristics of a defendant in determining whether restraints are necessary. These include physical and emotional characteristics, past convictions for violent crimes, past escapes, violent conduct in the past or present, threats of violence, and the threat of a breach of security in the courtroom from outside sources. *State v. Hogetvedt*, 488 N.W.2d 487, 489–90 (Minn.App.1992). The decision to restrain must be based on the defendant's behavior at the time of trial which presents an immediate need for trial restraint. *Stewart*, 276 N.W.2d at 61; *Hogetvedt*, 488 N.W.2d at 490. But the trial judge need not wait for some event to occur in the courtroom before imposing restraints. *Stewart*, 276 N.W.2d at 62.

■ When Widell was initially restrained, the trial court made no finding of the necessity of restraint, nor did it state the reasons for restraint on the record, both of which are required by Minn.R.Crim.P. 26.03, subd. 2(c). This was error. The rule also implicitly recognizes that Widell should have been given an opportunity to challenge the reasons for restraint. *See Stewart*, 276 N.W.2d at 62 (finding that requirement implicit in rule); *Hogetvedt*, 488 N.W.2d at 490 (reading same requirement into rule). After both parties had presented their cases, the trial court did make a statement of the reasons for restraint but Widell already had been restrained that entire time. This procedure was ineffective to provide Widell an opportunity to challenge the reasons given for the restraint.

■ Additionally, the evidence supporting restraint was limited. Only one *Hogetvedt* factor was relevant at the time of Widell's trial: he did have a record which included violent crime. But the record did not contain evidence that Widell had previously escaped or attempted escape, made threats of violence, or made threats relating to security in the courtroom. Widell's current charges were possession of a controlled substance in the fifth degree and gross misdemeanor theft. Without more, these facts do not indicate that restraint was "reasonably and eminently" necessary at the time of Widell's trial. The record does not set forth warnings or other sanctions by the trial court before restraining Widell. *See Stewart*, 276 N.W.2d at 61 (holding it is preferable if the trial court gives a warning and uses sanctions of increasing severity prior to the imposition of restraints). Neither does the record reveal that the trial court considered restraining Widell only during the viewing outside the courtroom. We conclude that there was insufficient justification on the record for restraining Widell.

■ Widell, however, was not prejudiced by the error. The defendant has the burden on appeal of establishing prejudicial error. *Lehman*, 511 N.W.2d at 3. If there is no indication in the record that the jury learned the defendant was wearing restraints, the error is nonprejudicial. *State v. Scott*, 323 N.W.2d 790, 792 (Minn.1982).

The record does not reveal that the restraint prejudiced Widell. As in *Scott*, there is no evidence that the jury learned defendant was wearing the restraints. Widell was restrained by leg braces worn under his trousers which were noticeable only when he walked. The trial court was careful to have Widell seated before the jury came into the courtroom. Since Widell cannot establish that he was prejudiced, we find the error harmless.

■ But we caution trial courts about the routine use of hidden leg restraints. The use

of the new forms of hidden restraints cannot be justified simply because the jury would be unaware of them. Even where the restraints cannot be seen by the jury,

> the criminal rules, Minnesota precedent, and U.S. Supreme Court precedent require that the record support the conclusion that restraints [a]re immediately and reasonably necessary.

*Hogetvedt,* 488 N.W.2d at 490. The trial court must state on the record the reasons requiring restraint and the defendant must be allowed an opportunity to challenge the reasons, despite the fact that the jury might never learn that a defendant is being restrained. Minn.R.Crim.P. 26.03, subd. 2(c); *Hogetvedt,* 488 N.W.2d at 490.

2. "[T]he imposition of sanctions *for violations of discovery rules and orders is a matter particularly suited to the judgment and discretion of the trial court.*" *State v. Richards,* 495 N.W.2d 187, 199 (Minn.1992) (citation omitted). Where the trial court's decision is not a clear abuse of discretion, its ruling will not be overturned. *Id.* Widell contends that the trial court erred in refusing to allow him to amend his witness list on the day of trial by adding eleven character witnesses. We disagree.

Pursuant to Minn.R.Crim.P. 9.02, subd. 1(3)(a), a defendant must disclose to the prosecuting attorney before the omnibus hearing the names and addresses of persons whom the defendant intends to call as trial witnesses. Minn.R.Crim.P. 9.03, subd. 8, provides:

> If at any time it is brought to the attention of the trial court that a party has failed to comply with an applicable discovery rule or order, the court may upon motion and notice order such party to permit the discovery or inspection, grant a continuance, or enter such order as it deems just in the circumstances.

Preclusion of evidence is a severe sanction, to be used only as a last resort. *Richards,* 495 N.W.2d at 199.

The record supports the trial court's decision to sanction Widell by prohibiting him from amending his witness list. The defense had adequate time in which to prepare the case and had no justification for its disregard of the discovery rules. In addition, the state was obviously prejudiced by Widell's failure to make this disclosure because the addition of eleven witnesses on the day of trial would deny the prosecution reasonable opportunity to interview and investigate them. We conclude the trial court did not abuse its discretion by refusing to allow Widell to present his eleven proposed witnesses..

Even if the trial court had abused its discretion, we would find the error harmless. The character witnesses were going to testify that, to the best of their knowledge, Widell did not use cocaine. That testimony would be irrelevant to the possession charge—use of the cocaine is not a requirement for its possession.

Widell also contends that the trial court's sanction violated his constitutional right to present witnesses in his own defense. *See Taylor v. Illinois,* 484 U.S. 400, 408, 108 S.Ct. 646, 652, 98 L.Ed.2d 798 (1988) (holding few rights are more fundamental than that of an accused to present witnesses). We disagree. The accused does not have an unfettered right to offer testimony that is inadmissible under standard rules of evidence. *Id.* at 410, 108 S.Ct. at 653. The proposed evidence was irrelevant, and Widell has no constitutional right to present inadmissible evidence.

## DECISION

Widell was not denied a fair trial when the trial court ordered him to wear imperceptible leg restraints during trial. The trial court did not abuse its discretion in sanctioning Widell's discovery violation by refusing to allow untimely expansion of his witness list.

**Affirmed.**