[No. 4792–1.   Division One.   March 14, 1977.]

THE STATE OF WASHINGTON, *Respondent*, v. ROY
ORVILE WELLS, *Appellant*.

*Neubauer, Gayton & Prince, P.S.,* and *Gary D. Gayton,*
for appellant.

*Christopher T. Bayley, Prosecuting Attorney,* and
*Douglas B. Whalley, Deputy,* for respondent.

SWANSON, J.—Roy Orvile Wells appeals from a sentence
and judgment entered against him for possession of cocaine
in violation of the Uniform Controlled Substances Act,

RCW 69.50.401(c).[1]

Wells' sole issue on appeal deals with the admission into evidence of certain household utensils including measuring spoons, funnels, strainers, balloons, a bottle of lactose, and a playing card. It is Wells' contention that these items were introduced improperly because (1) the effect of such evidence would be to indicate unjustly that the defendant was a drug dealer; (2) these items were normal, everyday kitchen utensils; (3) the introduction of such evidence was irrelevant to the crime charged. The consequences of the introduction of such items and testimony as to their drug-related use, Wells argues, caused him to be tried for a crime with which he was not charged. We disagree with defendant's contention and affirm.

It should be pointed out initially that at trial Wells interposed as his defense the unwitting possession of cocaine (count 1) and of one amphetamine tablet (count 2). In addition, the jury was instructed on the defense of unwitting possession in the following manner:

If you find after a consideration of all the evidence that the State of Washington has proved to you beyond a reasonable doubt that the defendant was in possession of the controlled substances charged in the Information, you may find the defendant not guilty if his possession is shown to be unwitting, lawful, or otherwise excusable.

The term unwitting as it refers to possession means a lack of knowledge on the part of the defendant of the existence of the controlled substances charged at the place where they were found.

Instruction No. 7. In order to meet this defense it was necessary for the prosecution to prove beyond a reasonable doubt that Wells not only had possession of the controlled substances as charged, but that he also knew of the existence, inside his residence, of the controlled drugs. The prosecution therefore endeavored to prove that Wells knew of the presence of the drugs because of the existence of paraphernalia commonly related to drug use.

---

[1]Wells was also charged with possession of an amphetamine but was found not guilty as to that crime.

■ In *State v. Goebel,* 36 Wn.2d 367, 378, 218 P.2d 300 (1950), our Supreme Court addressed the question of whether evidence of another crime would be admissible against a criminal defendant:

> When it becomes apparent that certain evidence tends to prove an independent and unrelated offense, the trial judge, in the absence of the jury, should ascertain upon what basis of relevancy the state relies. If the evidence offered is shown to be relevant to any material issue before the jury, it *may* be admitted, . . .

The court went on to add a cautionary note by saying at page 379,

> this class of evidence, where not essential to the establishment of the state's case, should not be admitted . . . when the trial court is convinced that its effect would be to generate heat instead of diffusing light, . . .

Evidence relating to collateral criminal acts is admissible if it

> comes within one of the recognized exceptions: (1) to show motive or intent, (2) the absence of accident or mistake, (3) a common scheme or plan, (4) identity, or (5) *if the evidence is relevant to any material issue before the jury.*

(Italics ours.) *State v. Vindhurst,* 63 Wn.2d 607, 612, 388 P.2d 552 (1964).

■ The issue thus becomes whether the admitted evidence was relevant to any material issue. Generally, any competent evidence which logically tends to prove a defendant's connection with a crime is material. Its cogency and the degree to which it sheds light upon the facts in issue become matters of the weight given the evidence of the jury. *State v. Ranicke,* 3 Wn. App. 892, 479 P.2d 135 (1970). As stated in *State v. Gersvold,* 66 Wn.2d 900, 903, 406 P.2d 318 (1965),

> To be admissible as material evidence, it must explain, demonstrate or have a tendency to establish or disestablish the fact with which it is sought to be connected. Materiality, therefore, should be judged not only on what the evidence shows standing separately but also from

whatever inferences may sensibly be drawn therefrom when it is viewed in connection with other evidence. Any competent evidence, then, tending logically to prove the commission of a crime or the defendant's connection with it is deemed material to the prosecutor's case.

All of the items challenged in the instant case met the tests as set forth and were properly admitted by the trial court.

Affirmed.

FARRIS and WILLIAMS, JJ., concur.

Petition for rehearing denied June 15, 1977.

Review denied by Supreme Court December 2, 1977.