[No. 67994-1. En Banc.]
Argued January 25, 2000. Decided October 12, 2000.

THE CITY OF KENNEWICK, *Respondent*, v. DOUG R. DAY, *Petitioner*.

*James E. Egan*, for petitioner.
*John S. Ziobro*, *City Attorney*, for respondent.

MADSEN, J. — Doug R. Day was convicted by a Benton County District Court jury of possession of marijuana and possession of drug paraphernalia. At trial, Day asserted the defense of "unwitting possession." The trial court excluded testimony regarding Day's reputation for sobriety from drugs and alcohol, finding this was not evidence of a "pertinent trait of character" under ER 404(a)(1). We hold that the trial court abused its discretion by refusing to admit the proffered testimony and, accordingly, reverse and remand for a new trial.

## FACTS

On November 4, 1996, Day was stopped for investigation of driving under the influence after maneuvering his truck around a police barrier set up to facilitate an accident investigation. The officer who stopped Day immediately suspected he was intoxicated. Day claimed he had not been drinking, but was unwilling to take a field sobriety test or a portable "BAC DataMaster" test. Day was arrested and his truck was searched.

In the center armrest console, between the front seats, the officer found a small amount of marijuana and a marijuana pipe. Day immediately claimed the items were not his, that he had never seen them before, and that he had just picked up his truck from a repair shop. Day's

postarrest BAC reading was .04, so he was charged only with negligent driving in the first degree. *See* RCW 46.61.5249. The arresting officer also cited Day for possession of marijuana under 40 grams and possession of drug paraphernalia under the Kennewick Municipal Code.

A trial was held in Benton County District Court. With respect to the drug-related charges, Day asserted the defense of "unwitting possession," Clerk's Papers (CP) at 137, claiming he was unaware that the marijuana and marijuana pipe were in his car prior to the officer finding them. In support of his defense, Day offered the testimony of Don Simmonson. Simmonson, the owner of an auto repair shop, testified that Day's vehicle had been in his shop undergoing major modifications for approximately four months up until a "couple" of days prior to Day's arrest. CP at 116. He also testified that one of the employees who worked on Day's vehicle was fired for suspected drug use outside of work, and Simmonson recounted a prior incident in which a customer complained about finding drug paraphernalia in a car after it was picked up from his shop. Defense counsel proceeded to ask Simmonson if he was aware of Day's reputation in the community for sobriety, as to both drugs and alcohol. The court sustained the prosecutor's objection to this question.

The trial court excluded Day's proffered character evidence stating that "[i]t's not an issue of character, it's an issue of conduct and past conduct is not necessarily admissible to show present conduct." CP at 119. The trial judge also noted that Day "doesn't have to smoke [marijuana] to be in possession or use it to be in possession." CP at 118. The court did allow two other witnesses to testify that Day had a good reputation in the community for truthfulness.

The jury acquitted Day of negligent driving, but found him guilty of possession of marijuana and possession of drug paraphernalia. Day appealed to the Benton County Superior Court. The superior court reversed Day's conviction, finding the district court erred in precluding Day from presenting testimony regarding his reputation for sobriety.

The City moved for discretionary review of the superior court's ruling. In an unpublished opinion, the Court of Appeals, Division Three, reversed the superior court, reinstating Day's convictions. Day petitioned this Court for review and review was granted, limited to the issue of whether the trial court erroneously precluded Day from presenting evidence of his reputation for sobriety from drugs and alcohol.

## ANALYSIS

■ We review a trial court's decision to admit or exclude evidence for abuse of discretion. *State v. Bourgeois*, 133 Wn.2d 389, 399, 945 P.2d 1120 (1997) (citing *State v. Crenshaw*, 98 Wn.2d 789, 806, 659 P.2d 488 (1983)). An abuse of discretion occurs if "discretion [is] manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State v. McDonald*, 138 Wn.2d 680, 696, 981 P.2d 443 (1999).

The admissibility of character evidence offered by a criminal defendant, as to his or her own character, is governed by ER 404(a)(1):

> **(a) Character Evidence Generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:
>
> (1) *Character of Accused.* Evidence of a *pertinent* trait of character offered by an accused, or by the prosecution to rebut the same[.]

(Emphasis added.)[1]

■ Through the use of character evidence, "the defendant generally seeks to have the jury conclude that one of such character would not have committed the crime charged." *State v. Kelly*, 102 Wn.2d 188, 195, 685 P.2d 564 (1984) (citing *Michelson v. United States*, 335 U.S. 469,

---

[1] ER 404(a)(1) is identical to Federal Rule of Evidence 404(a)(1). *See* ROBERT H. ARONSON, THE LAW OF EVIDENCE IN WASHINGTON, Rule 401 cmt., at 404-1 (3d ed. 1998).

475-76, 69 S. Ct. 213, 93 L. Ed. 168 (1948)).[2] Although the concept of character is "amorphous," *id.*, it is generally thought to include traits such as "honesty, temperance, [and] peacefulness." 1 MCCORMICK ON EVIDENCE § 195 *(Character and Habit)*, at 686 (John W. Strong, ed., 5th ed. 1999); 5 KARL B. TEGLAND, WASHINGTON PRACTICE: EVIDENCE LAW AND PRACTICE § 404.2, at 383 (4th ed. 1999); *see Kelly*, 102 Wn.2d at 196 (battered woman syndrome is not a pertinent character trait); *United States v. Angelini*, 678 F.2d 380 (1st Cir. 1982) (reputation for being law-abiding is a character trait).

■ We have held that the term "pertinent," as used in ER 404(a)(1), is synonymous with "relevant." *State v. Eakins*, 127 Wn.2d 490, 495, 902 P.2d 1236 (1995). Thus, "a pertinent character trait is one that tends to make the existence of any material fact more or less probable than it would be without evidence of that trait." *Id.* at 495-96; *see also* ER 401; *Quinto v. City & Borough of Juneau*, 664 P.2d 630 (Alaska Ct. App. 1983) (reputation for sobriety is pertinent to charge of driving while intoxicated), *rev'd*, 684 P.2d 127 (Alaska 1984); *State v. Rabe*, 5 Haw. App. 251, 687 P.2d 554 (1984) (reputation for abstinence from drugs is pertinent to charge of promotion of prison contraband).

Day was convicted of possession of marijuana and pos-

---

[2] The prosecution is foreclosed from presenting evidence in the first instance regarding the defendant's character. This rule, which is codified in ER 404, has deep historical roots:

> Courts that follow the common-law tradition almost unanimously have come to disallow resort by the prosecution to any kind of evidence of a defendant's evil character to establish a probability of his guilt. . . . The inquiry is not rejected because character is irrelevant; on the contrary, it is said to weigh too much with the jury . . . .

*Michelson v. United States*, 335 U.S. 469, 475-76, 69 S. Ct. 213, 93 L. Ed. 168 (1948). However, a defendant may introduce evidence of his or her own good character, but this benefit comes at a cost:

> [T]his line of inquiry firmly denied to the State is opened to the defendant because character is relevant in resolving probabilities of guilt.
>
> . . . .
>
> The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law otherwise shields him.

*Id.* at 476, 479.

session of drug paraphernalia. Although the two crimes have different elements, the City has not analyzed the charges separately. Instead, it argues that any trait relating to "use" is not relevant to the question of "possession." Day, however, urges that it is necessary to assess each crime individually. We agree.

The crime of possession of drug paraphernalia is defined by Kennewick Municipal Code (KMC) 9.32.020(5):

> It is unlawful for any person *to use, or to possess with the intent to use,* drug paraphernalia to . . . inject, ingest, inhale, or otherwise induce into the human body a controlled substance . . . or to deliver, possess with the intent to deliver, or manufacture with the intent to deliver, drug paraphernalia, knowing, or under circumstances where one reasonably should know, that it will be used to . . . inject, ingest, inhale, or otherwise introduce into the human body a controlled substance . . . .

(Emphasis added.)[3]

 The City's argument that "use" is irrelevant to "possession" falls wide of the mark when applied to this charge. The City fails to recognize that "use or intent to use" is an element of the charged offense. Day persuasively argues that because the charge requires the City to prove he used or intended to use paraphernalia to ingest marijuana, his reputation for sobriety from drugs and alcohol is "pertinent" to the element of intent.

Day cites *Eakins* in support of this contention. The defendant in *Eakins* was accused of two counts of second-degree assault. *Eakins*, 127 Wn.2d at 491-92. The defen-

---

[3] The State counterpart to Kennewick Municipal Code 9.32.020(5) is RCW 69.50.412(1). The two statutes are similar. The primary distinction is that the KMC provision contains the additional crime of possession "with the intent to use," while the RCW provision states only that "use" may be punished. RCW 69.50.412(1) provides:

> It is unlawful for any person to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance. Any person who violates this subsection is guilty of a misdemeanor.

dant admitted the underlying conduct, but claimed he suffered from drug and alcohol induced diminished capacity, preventing him from forming the specific intent necessary to commit the crimes. *Id.* at 492. We held it was error for the trial court to refuse to admit evidence of the defendant's character for peacefulness under these circumstances, finding the proffered character evidence relevant to the issue of intent. *Id.* at 502-03. Thus, reputation evidence that is "pertinent" or "relevant" to the intent element of a charged offense is admissible if offered by a criminal defendant. *Id.*

Applying *Eakins* to this case, the question is whether evidence of Day's reputation for sobriety from drugs and alcohol makes it less probable that he used or intended to use the marijuana pipe to smoke marijuana. Considering that the threshold for relevance is extremely low under ER 401, we must answer in the affirmative. *See* ER 401 (relevant evidence is . . . "evidence having *any* tendency to make the existence of *any* fact that is of consequence . . . more probable or less probable") (emphasis added); *State v. Bebb*, 44 Wn. App. 803, 723 P.2d 512 (1986). We believe that a jury could conclude that a person who does not use drugs (by reputation at least) is less likely to use a marijuana pipe to smoke marijuana.

More than mere possession was at issue here. The City was required to prove intent to use the paraphernalia. By failing to recognize this point, the trial court based its decision to exclude Day's proffered character evidence "on an erroneous view of the law." *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). This was an abuse of discretion. *McDonald*, 138 Wn.2d at 696.

The second charge against Day was for possession of marijuana. KMC 9.32.020(1) provides:

> It is unlawful for any person to possess marijuana, unless the same was obtained directly from, or pursuant to, a valid prescription or order from a medical practitioner while acting in the course of medical practice, or except as otherwise

authorized by the laws of the State of Washington. Unlawful possession of marijuana is a misdemeanor.

This provision is similar to RCW 69.50.401(d), the state controlled substance possession statute.[4] Under the State provision, we have held that "[t]he State is not required to prove either knowledge or intent to possess, nor knowledge as to the nature of the substance[.]" *State v. Staley*, 123 Wn.2d 794, 799, 872 P.2d 502 (1994). Simply put, possession is a strict liability crime. *State v. Hernandez*, 95 Wn. App. 480, 484, 976 P.2d 165 (1999) (citing *State v. Vike*, 125 Wn.2d 407, 412, 885 P.2d 824 (1994)). Thus, the City's argument that "use" is not relevant to "possession" is persuasive when applied to the possession of marijuana charge.

In a typical strict liability case, in which no affirmative defenses are available, character evidence is irrelevant. As one court noted:

> Where the mens rea is not involved in a crime defined under the police power, i.e., where the sole question is whether the defendant performed the act forbidden by law or failed to perform the act commanded by it, his character is not in issue for any purpose, and evidence of his good reputation for some trait or another is not admissible.

*Commonwealth v. Knox*, 172 Pa. Super. 510, 525, 94 A.2d 128, 135, *aff'd*, 374 Pa. 343, 97 A.2d 782 (1953).

Day does not contest this point. Instead, he argues that when the defense of "unwitting possession" is raised, a defendant should be permitted to introduce character evidence that is "pertinent" or "relevant" to this defense.

---

[4] The state provision is broader, in that it criminalizes possession of substances other than marijuana. RCW 69.50.401(d) provides:

It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his or her professional practice, or except as otherwise authorized by this chapter. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both . . . .

*Staley*, 123 Wn.2d at 799. This is true, argues Day, even if it is not relevant to whether a technical violation of the underlying law has occurred. *See State v. Hundley*, 126 Wn.2d 418, 419, 895 P.2d 403 (1995) (unwitting possession excuses otherwise criminal conduct). According to Day, the evidence of a character trait is "pertinent" if it makes it more or less probable that an affirmative defense should be accepted.

We agree that character evidence may be "pertinent" when offered to support the existence of a defense. *See Wade v. State*, 803 S.W.2d 806, 808 (Tex. App. 1991) (concluding that trial court erred in excluding evidence of defendant's nonuse of drugs to support defense that drugs were planted); *State v. Kaiser*, 109 Ariz. 244, 508 P.2d 74, 77 (1973) ("[t]he character of the defendant . . . is certainly relevant and material to his defense against the charge of assault with a deadly weapon"). In *Eakins*, this Court quoted the following passage:

> [Evidence of pertinent traits of character] are relevant and admissible if the traits support inferences that the defendant probably . . . *did not have the necessary mental state to make him guilty of the charged offense.* Such evidence is also relevant and admissible *if it supports any defense against the charged crime,* including such affirmative defenses as coercion or self-defense.

*Eakins*, 127 Wn.2d at 499 (alteration in original) (quoting 1 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 101, at 549 (2d ed. 1994)). We also note that under ER 404(a)(1) the only limitation on the admission of character evidence is that it be "pertinent." *Id.* at 500. Evidence which helps prove or disprove an affirmative defense clearly meets this de minimis standard. *See State v. Rice*, 48 Wn. App. 7, 12, 737 P.2d 726 (1987) ("[r]elevant evidence encompasses facts that present both direct and circumstantial evidence of any element of a claim or defense").

The unwitting possession defense is unique to Washington and North Dakota. *See State v. Michlitsch*, 438 N.W.2d

175 (N.D. 1989) (adopting defense of unwitting possession); *Dawkins v. State*, 313 Md. 638, 547 A.2d 1041 (1988) (choosing to infer a knowledge requirement in its statute, rather than adopt Washington's unwitting possession defense). This Court adopted the defense to "ameliorate[] the harshness of the almost strict criminal liability our law imposes for unauthorized possession of a controlled substance. If the defendant can affirmatively establish that his 'possession' was unwitting, then he had no possession for which the law will convict," *State v. Cleppe*, 96 Wn.2d 373, 381, 635 P.2d 435 (1981). This defense is supported by one of two alternative showings: (1) that the defendant did not know he was in possession of the controlled substance, *id.*; or (2) that the defendant did not know the nature of the substance he possessed, *Staley*, 123 Wn.2d at 799. In both cases the defendant bears the burden of proving this defense by a preponderance of the evidence. *State v. Riker*, 123 Wn.2d 351, 368, 869 P.2d 43 (1994) (dealing with the defense of duress and holding that "an affirmative defense which does not negate an element of the crime charged, but only excuses the conduct, should be proved by a preponderance of the evidence"); *Hundley*, 126 Wn.2d at 419 (noting that *Riker*'s analysis is likely applicable to the defense of unwitting possession).

When the defense of unwitting possession is raised, the defendant's knowledge is directly relevant to the defense of unwitting possession. Accordingly, the universe of relevant evidence expands. *See State v. Wells*, 17 Wn. App. 146, 561 P.2d 697 (1977) (prerules case) (once defense of unwitting possession is raised, the prosecution is permitted to present evidence that defendant owned household utensils typically used for drug use). For example, if a defendant claims to be unaware that a particular substance is controlled, the defendant's knowledge as to the nature of the substance is relevant (e.g., being able to distinguish marijuana from oregano). *Id.*; *cf. State v. Hall*, 41 Wn.2d 446, 249 P.2d 769 (1952) (prosecution allowed to present evidence of prior marijuana sales in later possession case, where defendant

claimed he did not know that plants growing on his property were marijuana plants). If a defendant claims to have been unaware he or she possessed the substance itself (e.g., someone placed it in my car), the defendant's intent to possess the controlled substance is relevant. *Id.* at 451.

In *State v. Weiss*, 73 Wn.2d 372, 438 P.2d 610 (1968), a prerules case, this Court affirmed a trial court decision admitting evidence of prior drug use in a simple possession case. In *Weiss*, the defendant was charged with possession of marijuana. One of Weiss's roommates testified for the State that he and Weiss had smoked marijuana at their house on an occasion prior to Weiss's arrest. Weiss's defense was that he was unaware that marijuana was in the house. This Court held that the evidence was properly admitted because it was relevant to the issue of "constructive possession, that is, whether the defendant knew of the presence of the marijuana found in the house where the defendant resided." *Id.* at 377.

Character evidence may assist a defendant in meeting his or her burden of proving by a preponderance of the evidence a lack of knowledge under the unwitting possession defense. For instance, if a defendant claims to have believed a bag of marijuana was oregano, evidence that the defendant has the reputation for not using drugs lends support to this contention. It is more likely that a defendant who does not use drugs (by reputation at least) would be unable to identify marijuana. Similarly, if a defendant claims to have been unaware of the presence of a controlled substance at all, the defendant's nonuse of drugs lends support to this claim. A person who does not use drugs (by reputation) is less likely to possess drugs. In this case, Day asserted the defense of unwitting possession, claiming he was unaware that the marijuana and marijuana pipe were inside his vehicle. His knowledge was thus at issue, and his reputation for sobriety from drugs and alcohol was a "pertinent" trait of character under ER 404(a)(1).

Unfortunately there is no Washington case which has directly addressed the admissibility of character evidence

under the circumstances presented here, and authority from other jurisdictions is not particularly helpful given the unique nature of Washington's unwitting possession defense. In the only case cited by the City, *State v. Widell*, 530 N.W.2d 566 (Minn. Ct. App. 1995), a Minnesota Court of Appeals noted that evidence of the defendant's nonuse of cocaine "would be irrelevant to the possession charge—use of the cocaine is not a requirement for its possession." *Id.* at 570. In Washington, like Minnesota, use of cocaine is not a requirement of possession; however, unlike Washington, Minnesota does not recognize a defense of unwitting possession. *Widell* offers no guidance as to the relevance of a defendant's reputation for drug use if the defense of unwitting possession is raised.

Similarly, the case cited by the Court of Appeals below, *Hack v. United States*, 445 A.2d 634 (D.C. App. 1982), is unhelpful. In *Hack*, the defendant was charged with knowing possession of PCP (phencyclidine). The court concluded that the trial court did not err by excluding testimony regarding the defendant's reputation for using and selling drugs. The court held that a defendant's reputation for using and selling drugs is not "evidence of a character trait[.]" *Id.* at 642. In its discussion, the court observed that:

> To allow this testimony would likely obscure the true issues; rather than contributing to a determination of whether appellant possessed the drugs involved, the jury's attention instead would be directed toward a determination of whether appellant uses drugs.

*Id.* at 643.

Initially, *Hack* is distinguishable from the case at bar. In *Hack*, the defendant sought introduction of evidence regarding his reputation for not "selling and using" drugs. *Id.* at 643. Other courts have held, as *Hack* did, that a person's reputation for not selling drugs is not a "trait of character." *State v. Marrs*, 180 W. Va. 693, 379 S.E.2d 497 (1989) (reputation for not selling illegal drugs is not a "trait of character"). This is quite different from the testimony Day

sought to introduce regarding his general character for sobriety from drugs and alcohol, which has been accepted by several courts as a valid "trait of character." *Quinto*, 664 P.2d 630 (alcohol); *Rabe*, 687 P.2d 554 (drugs).

More significantly, the defendant in *Hack* was not required to prove that his possession of marijuana was unwitting. The *Hack* courts expressed concern with obscuring the "true issues," i.e., whether the defendant possessed the drugs, is not present when the defendant undertakes the burden to prove unwitting possession.[5]

Finally, the City asserts that even if sobriety from drugs and alcohol has relevance the trial court's decision to exclude evidence regarding Day's reputation for sobriety was not an abuse of discretion. The City notes that Day had already testified that he used marijuana a couple of times in 1970. Additionally, prior to trial, Day had held employment positions that required random drug testing, making it less likely that any drug use by Day would be open and notorious. Finally, Day sought introduction of evidence regarding his character for sobriety as to both alcohol and drugs through the use of one conjunctive question.

While these facts might be relevant in assessing the evidentiary questions presented by this case, it appears the trial court excluded Day's reputation evidence based on its misapprehension of the legal issues. The judge did not recognize that sobriety from drugs is a character trait or that "intent to use" is an element of possession of drug paraphernalia. Additionally, there is no indication in the record that the court analyzed the elements of Day's unwitting possession defense. An analysis of these basic legal issues was necessary to the effective determination of Day's

---

[5] We believe the *Hack* court's concern over the potentially confusing nature of the defendant's proffered character evidence, is more appropriately dealt with under ER 403. ER 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

evidentiary request. Since the trial court made its determination based on an incomplete analysis of the law, its decision was based on untenable grounds and constituted an abuse of discretion. *See Fraser v. Beutel*, 56 Wn. App. 725, 734, 785 P.2d 470 (1990) (discretion abused where reason for exclusion of evidence contrary to law), *quoted in Reese v. Stroh*, 128 Wn.2d 300, 310, 907 P.2d 282 (1995).

## CONCLUSION

██ Day's reputation for sobriety from drugs and alcohol is "pertinent" to the charge of possession of drug paraphernalia because "intent to use" is an element of the offense. Further, Day's reputation for sobriety from drugs and alcohol is "pertinent" to the charge of simple possession because he raised the defense of unwitting possession. Day presented evidence tending to establish that the marijuana and marijuana pipe were placed in his truck while it was being repaired. Defendant's presentation of third party testimony regarding his reputation for abstention from the use of drugs was important to his defense.

We believe a reasonable probability exists that "the outcome of the trial could have been materially affected had this evidence been admitted . . . ." *Eakins*, 127 Wn.2d at 503 (citing *State v. Kelly*, 102 Wn.2d 188, 193, 685 P.2d 564 (1984)).

Accordingly, we reverse and remand for a new trial.

GUY, C.J., and SMITH, JOHNSON, ALEXANDER, SANDERS, and IRELAND, JJ., concur.

TALMADGE, J. (concurring) — I concur in the majority's disposition of this case only because the expansive reading of ER 404(a) (1), which we first espoused in *State v. Eakins*, 127 Wn.2d 490, 902 P.2d 1236 (1995), compels this result. I dissented in *Eakins* because I did not believe the defendant's reputation for peacefulness was truly relevant to the issue of whether he had formed the requisite intent to

support the assault charges when he was allegedly in a state of diminished capacity. *See also State v. Jackson*, 46 Wn. App. 360, 730 P.2d 1361 (1986) (reputation of moral decency and sexual morality is irrelevant to charge of rape).

I also understand this Court's oft-expressed antipathy toward strict liability crimes, even where the Legislature's intent to create a strict liability crime is clear. *See, e.g., State v. Bash*, 130 Wn.2d 594, 925 P.2d 978 (1996); *State v. Groom*, 133 Wn.2d 679, 947 P.2d 240 (1997). Despite the creation of strict liability crimes by state and local legislative action, we have imported an intent element into drug possession crimes by our adoption of the unwitting possession defense. *See State v. Cleppe*, 96 Wn.2d 373, 381, 635 P.2d 435 (1981) (establishing unwitting possession as an affirmative defense to possession of a controlled substance to "ameliorate[] the harshness of the almost strict criminal liability our law imposes" after specifically noting that the Legislature clearly did not intend for knowledge or intent to be an element of the crime). This is judicial legislation in its most direct form.

By our decision today, we cast our imprimatur on even more diversions from the core questions of culpability in a criminal case. The trier of fact will be compelled to try issues of Douglas Day's reputation for truthfulness and sobriety, rather than focus on whether Day possessed the drugs and the drug paraphernalia, limited only by whether the evidence is "pertinent" to our judicially-created defense. Of course, the prosecution will be compelled to rebut this reputation evidence with testimony of Day's odd behavior: driving erratically around officers at an emergency scene, lying about his alcohol use, evaluating his past marijuana use, and so forth. All of this carries the case far afield.

By our decisions in *Eakins* and here, we leave little substance in ER 404 as a limitation on the use of reputation evidence in criminal cases once the defendant argues lack of intent, whether or not intent is an element of the crime charged. While understandable in the context of our deci-

sions and compelled by stare decisis, I do not believe this is a positive trend in our law.

BRIDGE, J., concurs with TALMADGE, J.