FILED
COURT OF APPEALS
DIVISION II

2014 JAN 22 AM 9: 17

STATE OF WASHINGTON
BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

STATE OF WASHINGTON,

                    Respondent,

v.

NATHEN R. WRIGHT,

                    Appellant.

No. 43226-9-II

UNPUBLISHED OPINION

BJORGEN, J. — Nathen Wright appeals from his convictions for unlawful possession of heroin and unlawful possession of drug paraphernalia, arguing that the State failed to present sufficient evidence to support them.[1] He also argues that the trial court erred in imposing sentence conditions. We affirm his convictions, but remand for correction of his sentence.[2]

A.    Sufficiency of the Evidence

Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201.

On October 27, 2010, a sport utility vehicle (SUV) driven by Wright rear-ended an unoccupied school bus that was preparing to make a signaled left turn. Wright's

---

[1] He does not appeal from his conviction for vehicular homicide.

[2] A commissioner of this court initially considered Wright's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

passenger, Kahil Marshall, the registered owner of the SUV, died as a result of the accident.

A search of the SUV following the collision resulted in the seizure of two syringes on the passenger's side floorboard and a spoon with a small piece of cotton found in the center console. Spoons are used to dissolve heroin into water, after which the cotton is added. The cotton seized from the SUV tested positive for the presence of heroin. During the investigation, Wright admitted to having used methamphetamines three days before the collision, but denied he was under the influence of any drugs at the time of the collision. He also admitted to knowing there were drugs present in the SUV.

Wright argues that the State failed to present sufficient evidence that he constructively possessed the heroin or the spoon and so failed to present sufficient evidence that he unlawfully possessed a controlled substance or unlawfully possessed drug paraphernalia. Constructive possession is established when "the defendant was in dominion and control of either the drugs or the premises on which the drugs were found." *State v. Callahan*, 77 Wn.2d 27, 30-31, 459 P.2d 400 (1969) Dominion and control over an object means that it "may be reduced to actual possession immediately." *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). A vehicle is a type of premises for purposes of constructive possession. *State v. Turner*, 103 Wn. App. 515, 521, 13 P.3d 234 (2000).

We consider the totality of the circumstances in determining whether the defendant has such dominion and control. *State v. Cote*, 123 Wn. App. 546, 549, 96 P.3d 410 (2004). Possession need not be exclusive. *State v. Weiss*, 73 Wn.2d 372, 375, 438 P.2d 610 (1968). The State presented evidence that Wright was in dominion and control

2

of the SUV when it collided with the school bus. It also presented evidence that Wright knew that drugs were present in the SUV. Under the standards above, the State presented sufficient evidence that Wright constructively possessed the heroin and the spoon.

Wright also argues that the jury erred in not finding that his possession of the heroin and the spoon was unwitting and therefore not unlawful. To establish the defense of unwitting possession, Wright had the burden of proving by a preponderance of the evidence either that he did not know he was in possession of the heroin or spoon or that he did not know the nature of the substance in the spoon. *City of Kennewick v. Day*, 142 Wn.2d 1, 11, 11 P.3d 304 (2000). The trial court instructed the jury on the defense of unwitting possession. In finding Wright guilty of unlawful possession of controlled substances and of unlawful possession of drug paraphernalia, the jury rejected that defense. Under the standards above, the evidence before the jury was sufficient for a reasonable trier of fact to reject the defense of unwitting possession.

B.    Sentencing Conditions

Finally, Wright challenges two of the conditions of his community custody. He argues that the trial court erred in requiring him to undergo a substance abuse evaluation and any recommended treatment, because it did not make a finding, under RCW 9.94A.607(1), that he has a chemical dependency that contributed to the crime. *State v. Jones*, 118 Wn. App. 199, 209-10, 76 P.3d 258 (2003). But even though the court did not make such a finding, Wright's conviction for vehicular homicide, which he did not appeal, required the court to order him to undergo a substance abuse evaluation and any recommended treatment under RCW 9.94A.703(4).

Wright also argues that the trial court erred in ordering that he "shall not go into bars, taverns, lounges, or other places whose primary business is the sale of liquor." Clerk's Papers at 14. The State concedes that without a finding by the trial court that the use of alcohol contributed to Wright's crimes, the court lacked the authority to impose that condition. *Jones*, 118 Wn. App. at 207-08. We accept the concession and remand to the trial court to strike that condition.

We affirm Wright's convictions but remand for correction of his sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

HUNT, P.J.

MAXA, J.