**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| STATE OF WASHINGTON, | No.  46952-9-II |
| Respondent, | |
| v. | |
| SANDRA LEE JOHNSTON, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Sandra Lee Johnston was convicted of two counts of possession of a controlled substance after morphine and hydromorphone were found in her purse.  At trial, Johnston did not contest her possession of the drugs.  Instead, she asserted the affirmative defense of unwitting possession.  In support of the defense, she sought to testify that she was allergic to morphine.  The trial court excluded the evidence on relevancy grounds.  Johnston appeals, arguing the trial court erred in excluding the evidence that she was allergic to morphine.  We hold that the trial court did not abuse its discretion in excluding the evidence.  Accordingly, we affirm.

FACTS

On December 11, 2013, Johnston, who was under active supervision with the Department of Corrections, reported to her community corrections officer, Holly Sinn.  Johnston knew that anything she brought with her when she reported was subject to search by Sinn.

When Johnston reported on December 11, Sinn searched Johnston's purse.  Sinn found three small peach-colored pills and one purple-colored pill in the search.  The pills were tested by the Washington State Patrol Crime Lab, which determined the peach-colored pills contained hydromorphone and the purple-colored pill contained morphine.

Johnston denied knowing the pills were in her purse. Instead, she claimed that the pills must have been on a shelf with other items that she hastily swept into her bag earlier that day. Apparently, Johnston and her fiancé, Steve Kingston, had moved out of the basement of a house early that day. Yvonne Burdwood rented the basement to Johnston and Kingston. Johnston and Kingston were in a hurry because they needed to be moved out that day and make it to Johnston's appointment with Sinn on time.

Before Johnston and Kingston moved into the basement, the basement had been occupied by another friend of Burdwood's, Rhonda Goans. Goans was very ill and Burdwood had moved her upstairs to be able to better care for her. Part of caring for Goans required Burdwood to administer pills to Goans. The basement had been left "cluttered" and "a mess" with various items left on the shelves when Johnston and Kingston moved in. Verbatim Report of Proceedings (VRP) at 127. In their effort to move out as fast as possible, Johnston "swe[pt] stuff off the shelves into [her] purse, and [Kingston] dumped the drawers into the . . . suitcases." VRP at 129.

Johnston was charged with two counts of possession of a controlled substance. The first count alleged possession of morphine and the second alleged possession of hydromorphone.

At trial, Johnston asserted the affirmative defense of unwitting possession. Johnston denied knowing the pills were in her bag. Instead, she posited that the pills must have been on the shelves with other items that she hastily swept into her bag earlier that day. In addition, Johnston sought to admit evidence that she was allergic to morphine. Johnston argued that "the relevance is that if you're allergic to something, it would be less likely to knowingly possess that. What would be the purpose?" VRP at 63. Johnston stated that she was not trying to bring testimony of her allergy in as character evidence, but instead as "commonsense relevance." VRP at 65. The trial court excluded the evidence, ruling:

2

I'm satisfied that there is no relevance to whether or not there is an allergy in this case. We're talking about either possession or unwitting possession, and whether or not there's an allergy doesn't really play into the actual possession aspect of it. The likelihood of use is different than possession, so I am not finding there is any relevance, so that will be excluded from testimony.

VRP at 106.

A jury convicted Johnston on both counts of possession of a controlled substance. Johnston appeals.

ANALYSIS

Johnston argues that the trial court abused its discretion in excluding evidence that she was allergic to morphine. Johnston also argues that the trial court's exclusion of her allergy to morphine denied her of her constitutional right to present a defense. We hold that the trial court did not abuse its discretion in excluding the evidence.

We review decisions by the trial court to admit or exclude evidence for abuse of discretion. *City of Kennewick v. Day*, 142 Wn.2d 1, 5, 11 P.3d 304 (2000). The trial court abuses its discretion if its "'discretion [is] manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *Id.* at 5 (alteration in original) (quoting *State v. McDonald*, 138 Wn.2d 680, 696, 981 P.2d 443 (1999)).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." ER 401. Relevant evidence is generally admissible. ER 402. "The threshold to admit relevant evidence is very low. Even minimally relevant evidence is admissible." *State v. Darden*, 145 Wn.2d 612, 621, 41 P.3d 1189 (2002).

Once the State has established prima facie evidence that the defendant possessed a controlled substance, the defendant may affirmatively assert that his or her possession was

3

"unwitting." *State v. Staley*, 123 Wn.2d 794, 799, 872 P.2d 502 (1994). The defense of unwitting possession can be established by showing that the defendant did not know he or she was in possession of a controlled substance or by showing that the defendant did not know the nature of the substance he or she possessed. *Id.*

Here, the trial court held that "whether or not there's an allergy doesn't really play into the actual possession of it. The likelihood of use is different than possession." VRP at 106. We agree that likelihood of use is different than possession. Thus, evidence of an allergy to morphine was not relevant to a possession of a controlled substance charge. Therefore, in light of the record before us, we hold that the trial court did not abuse its discretion in excluding the evidence.

Even assuming the evidence of Johnston's allergy is minimally relevant, any error in excluding the evidence is harmless because Johnston presented other evidence showing that she had an incentive to not possess the drugs—she knew her purse was subject to search by Sinn—but the jury rejected her unwitting possession defense anyway. Despite her arguments that her constitutional rights were violated, Johnston's challenge is to the trial court's discretionary ruling to admit or exclude evidence, and therefore, we apply the less stringent harmless error rule that the error is not prejudicial unless, within reasonable probabilities, the outcome of the trial would have been materially affected had the error not occurred. *State v. Barry*, 183 Wn.2d 297, 303, 352 P.3d 161 (2015).

Here, Johnston wanted to present evidence of her alleged allergy to show her possession of the drugs was unwitting. But one can be allergic to a substance and still possess it. Also, the jury heard testimony from Johnston that she knew when she reported to Sinn, that she and her purse would be subject to search. So the jury already knew that Johnston had a real incentive to *not* possess the drugs and still found that her possession was not unwitting. Therefore, we hold

4

that evidence of Johnston's alleged allergy to morphine does not create a reasonable probability that the outcome of her trial would have been different, and any error in excluding the evidence is harmless.

We affirm.

A majority of this panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Johanson, J.