# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49982-7-II |
| Respondent, | |
| v. | |
| DARIN HENRY JENSEN, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Darin Henry Jensen appeals his conviction for unlawful possession of a controlled substance (methamphetamine). Jensen argues that the trial court abused its discretion by excluding evidence regarding his reputation for sobriety. We affirm Jensen's conviction.

## FACTS

On January 29, 2016, Officer David Temple was on patrol and observed Jensen riding a bicycle without a helmet.[1] Officer Temple initiated a traffic stop and placed Jensen under arrest based on outstanding arrest warrants. During a search incident to Jensen's arrest, Officer Temple found a "baggie" of methamphetamine in Jensen's pant pocket. The State subsequently charged Jensen with one count of unlawful possession of a controlled substance (methamphetamine).[2]

At trial, witnesses testified to the above facts. Jensen testified in his defense, stating that Officer Jensen actually discovered the methamphetamine during a search of his backpack.

---

[1] Riding a bicycle without a helmet violates Puyallup Municipal Code. PUYALLUP MUNICIPAL CODE 10.62.030(1).

[2] RCW 69.50.4013(1).

Jensen testified that he had left his backpack unattended at a local homeless shelter earlier that day and that the methamphetamine found in his backpack did not belong to him.

In support of his defense, Jensen offered the testimony of Cheryl Borden, the executive director of the homeless shelter he had visited the day of his arrest. Borden testified that she had known Jensen for several months and would talk to him while he visited the shelter.

Citing *City of Kennewick v. Day*, 142 Wn.2d 1, 11 P.3d 304 (2000), Jensen made an offer of proof that Borden would testify that people who use drugs at the shelter are kicked out and that the shelter had never taken any action against Jensen for drug use. The State objected, arguing that Jensen had not laid the proper foundation to admit reputation testimony because Borden had not testified that she was aware of Jensen's reputation in the community.

The court ruled that Borden could not testify about her personal understanding of Jensen's lack of propensity to use drugs, but she could testify as to her understanding of his reputation. The trial court explained that before Borden could testify about Jensen's reputation, Jensen had to lay a foundation as to Borden's knowledge.

Later, the following exchange took place:

[JENSEN]:   Did you know his reputation at [the homeless shelter]?
[BORDEN]:  I don't know—I don't know about his reputation necessarily. He seemed to be—
        [THE STATE]:  Objection. Going beyond the scope.
        THE COURT:   Next question, please. Objection is sustained.
[JENSEN]:   Was he known as a drug user?
        [THE STATE]:  Objection, foundation.
        . . . .
        THE COURT:   The objection is sustained. . . .
        . . . .
[JENSEN]:   If someone [was] found to have used drugs in [the homeless shelter], what happens?
[BORDEN]:  They're dismissed.
[JENSEN]:   Was Mr. Jensen ever dismissed?

No. 49982-7-II

> [BORDEN]: No.
>> [THE STATE]: Objection. Ask to strike from the record. Same objection.
>> THE COURT: Objection is sustained, Counsel.

2 Report of Proceedings (RP) at 160-61.

The jury found Jensen guilty of unlawful possession of a controlled substance.[3] Jensen

appeals.


ANALYSIS

Jensen argues that the trial court abused its discretion by excluding evidence regarding

his reputation for sobriety because it was pertinent character evidence that related to his

unwitting possession defense. We disagree because Jensen failed to lay a proper foundation to

admit the reputation testimony.

We review a trial court's decision to exclude evidence for an abuse of discretion. *Day*,

142 Wn.2d at 5. A trial court abuses its discretion when its decision is manifestly unreasonable

or when it is exercised on untenable grounds or for untenable reasons. 142 Wn.2d at 5.

Under ER 404(a)(1), a defendant may introduce evidence of his character if it is pertinent

to the crime charged. *See also Day*, 142 Wn.2d at 5. Evidence of a specific character trait may

be made by testimony as to reputation. ER 405(a). To admit this reputation testimony, the

defendant must first lay a foundation establishing that the witness is familiar with the defendant's

reputation and that the witness's testimony is based on the *community's* perception of the

defendant as regards the specific character trait at issue. *State v. Binh Thach*, 126 Wn. App. 297,

---

[3] The jury also found Jensen guilty of two counts of bail jumping. These convictions are not at issue in this appeal.

315, 106 P.3d 782 (2005). A witness's personal opinion is inadequate foundation on which to admit reputation testimony. *State v. Kelly*, 102 Wn.2d 188, 195, 685 P.2d 564 (1984).

Character evidence regarding a defendant's reputation for sobriety from alcohol and drugs is admissible under ER 404(a)(1) when a defendant claims that his possession of a controlled substance was unwitting. *Day*, 142 Wn.2d at 12. When "a defendant claims to have been unaware of the presence of a controlled substance at all, the defendant's nonuse of drugs lends support to this claim." 142 Wn.2d at 12.

At trial, Jensen sought to have Borden testify that Jensen had a reputation for not using controlled substances. But Borden's knowledge of Jensen's reputation extended only to her observations of Jensen at the homeless shelter. Borden testified, "I don't know—I don't know about his reputation necessarily. He seemed to be—" 2 RP at 160. The State objected, and the trial court sustained the objection. Jensen then asked whether Jensen was known as a drug user. The State objected, arguing that Jensen had not laid a proper foundation. The trial court sustained the State's objection.

Although evidence regarding Jensen's reputation in the community for sobriety would generally be admissible to support his unwitting possession defense, Jensen failed to lay a proper foundation to admit the reputation testimony. Borden testified that she did not know about Jensen's reputation in the community. Instead, Borden could testify to only how Jensen seemed to be, which is a personal opinion about Jensen's sobriety. Because Jensen failed to establish that Borden was familiar with his reputation or the community's perception of his reputation, Jensen failed to lay a proper foundation to admit the reputation testimony. As a result, Borden's testimony about Jensen's reputation for sobriety was inadmissible. Therefore, the trial court's

decision to exclude the reputation testimony was based on tenable grounds, and the trial court did not abuse its discretion.

We affirm Jensen's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Lee, J.

Sutton, J.